HILMA P. LINDBERG, *Adm'x v.* OMAR S. SWENSON *& a., d. b. a.*

The John Swenson Granite Company.

*Robert W. Upton* and *Frederic K. Upton* (*Mr. Frederic K. Upton* orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Piper* orally), for the defendants.

JOHNSTON, J.   In the portion of the charge dealing with the fellow servant doctrine, the Court said: "The defendant claims further if you find the kettle containing the sulphur caught fire, and it caught fire through the negligence of a fellow employee, or as more often referred to, a fellow servant, and this manner gave off the fumes which helped cause the death of Mr. Lindberg, then the negligence was solely that of the fellow servant and not of the master, and so there is no liability on the part of the master."   The plaintiff excepted to this submission of the issue of whether the kettle caught fire because of the negligence of a fellow servant, on the ground that there was no evidence of such negligence.   If the language of the Court be taken in its narrow and literal meaning as applying to the ignition of the flames and not inclusive of allowing the fire to continue, a search of the record confirms this objection and discloses no testimony from which it could be found that any fire was caused by negligence on the part of the employee in charge of the kettle.   The mere fact that he paid no attention when it did catch fire is not evidence that by due care he could have prevented the flames.

It is true that an instruction on an issue that is not supported by the evidence is erroneous.   3 Am. Jur. 630.   "Instructions must be based on the evidence adduced within the pleading; and where not so predicated they should not be given, for the tendency of instructions not thus grounded is to confuse and mislead the jury."   1 Reid's Branson, Instructions to Juries (3d *ed.*) 331, 332.

However, although an abstract proposition having no application to the issues should not be given, even though correct in principle, such an instruction will not ordinarily warrant a reversal unless the complaining party has been prejudiced.   1 Reid's Branson, Instructions to Juries (3d *ed.*) 347, 348.   "The giving of instructions which are abstract or not authorized by, or applicable to, the pleadings and evidence will not constitute a ground for reversal, where no prejudice results to the complaining party; and this is so whether or not the

instructions state correct rules of law." 5 C. J. S. 1118. This jurisdiction has adopted as a test for determining whether or not an erroneous instruction is reversible error the inquiry whether "the jury could have been misled." *Charrier* v. *Railroad*, 75 N. H. 59, 64; *West* v. *Railroad*, 81 N. H. 522; *Stocker* v. *Railroad*, 84 N. H. 377.

The objectionable instruction was to the effect that the plaintiff could not recover for any negligence of the fellow workman in allowing the sulphur to catch fire. This is not an instance of allowing a party to prevail upon non-existent evidence. It is a denial of recovery by the plaintiff upon a ground that would not have sufficed for recovery if the evidence had existed. If the Trial Court had appreciated the lack of evidence, the instruction would not have been given. But it is not perceptible how the plaintiff's position would thereby have been improved. Her right to recover would have been no greater in the absence of the instruction, than it was under the one given. In either case the right to recover depended upon other issues.

The instructions in the same paragraph as that objected to and immediately following those relating to the fellow servant rule informed the jury: "However, this does not relieve the employer of liability where he creates a dangerous condition by supplying materials which are dangerous to an employee and the fellow employees are not warned or are justifiably ignorant of the existence of such danger. An employer is responsible for a dangerous condition of his premises, under this rule, resulting from acts of his servants which he authorized or ratified. It is for you to determine the true situation and to render your verdict according to your findings." The plaintiff was not prejudiced by the instruction to which exception was taken. It was still open to her to succeed, if the jury could find the necessary facts, upon any or all of the various issues submitted with respect to the negligence of the defendants.

The jury was properly told that they could consider Mr. Lindberg's appearance of good health in determining whether the defendants were negligent in failing to warn. An important issue in the case was what the defendants should reasonably have anticipated with respect to the effects of the sulphur fumes. There was evidence of ill health on the part of the deceased. His appearance of good health had a direct bearing on what the defendants should have known and anticipated.

On the issue of the assumption of the risk, the jury was told that Mr. Lindberg could have had the sulphur kettle moved to a different location in the shed at any time he wanted. Exception was taken to

this on the ground that there was no evidence to warrant a finding that he had any authority over the kettle. The instruction was justified on the testimony of the man in charge of the kettle that he would have moved it if Mr. Lindberg had asked him and that of one of the defendants that the location of the kettle was entirely up to the men.

The defendants excepted to the failure of the Court to give their requests Nos. 5, 6 and 7. A reading of the charge shows that these requests were adequately covered.

In view of the fairness of the trial, it is unnecessary to consider the difficult question raised by the defendants' exception to the denial of their motion for a directed verdict, whether the defendants as ordinary men without expert knowledge of medical science should have anticipated that the use of sulphur would have caused the death of Mr. Lindberg.

*Judgment on the verdict.*

DUNCAN, J., did not sit: BLANDIN, J., concurred in the result: the others concurred.