KATHERINE HODGDON

v.

WILLIAM E. GALLAGHER

September 30, 1974

*Edes & Elliott* by brief for the plaintiff.

*New Hampshire Legal Assistance* and *C. Murray Sawyer* by brief for the defendant.

PER CURIAM. This is an action to recover damages for personal injuries resulting from an automobile accident in Lebanon, New Hampshire, on January 29, 1968. There was a trial by the court, and a verdict was returned for the plaintiff for $8,000. After the verdict the defendant seasonably excepted to the denial of his motions for a nonsuit and to set aside the verdict. Reserved and transferred by *Perkins,* J.

There was evidence from which the court could reasonably find the following facts: The accident happened when the plaintiff, walking on a marked crosswalk, was going from

the south to the north side of Mascoma Street, which runs roughly east and west. It was a little after five on a dark, misty January night. The traffic was quite heavy and the pavement was damp, but there was no ice or snow on it.

The plaintiff waited briefly for traffic to pass, looked both ways, and seeing no cars approaching, stepped onto the crosswalk. She reached the middle of the street, took two or three steps into the northerly lane, and was hit by the left front fender of the defendant's Volkswagen, which was traveling west. She was hurled into the air, went up over the hood, and was then tossed onto the road. She did not remember seeing the defendant's car before it struck her. She looked for traffic after she began crossing Mascoma Street, "but... the road was clear" and she was unaware of the defendant's approach until the accident occurred.

The defendant, traveling "slow for the conditions I was driving", did not see her until practically the instant of impact. He then applied his brakes and stopped. His windshield wipers were working, he had good vision unobscured by the mist, and could see the road in front of him. Although familiar with the street and aware that it was a busy time of day, he did not see the crosswalk and did not know that it was there.

In these circumstances, a finding he was causally negligent in not seeing the plaintiff until practically the instant he struck her was warranted. *Colburn v. Normand,* 96 N.H. 250, 251-52, 74 A.2d 559, 561-62 (1950). Furthermore, he had a statutory duty to slow down or stop to avoid striking a pedestrian on the crosswalk. RSA 262-A:33 I, so far as material, states: "the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a cross walk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger." Obviously the plaintiff was a person whom this statute was intended to protect. *Flynn v. Gordon,* 86 N.H. 198, 165 A. 715 (1933). A finding that the defendant's violation was legal fault and actionable was supported by the evidence. *Moulton v. Groveton Papers Co.,* 112 N.H. 50, 52-53, 289 A.2d 68,

71 (1972); *Frost v. Stevens,* 88 N.H. 164, 167, 184 A. 869, 871 (1936).

Since the court could reasonably conclude that the defendant's negligence had created a situation where no saving action was possible, the emergency doctrine, contrary to the defendant's contention, is not applicable. *Frost v. Stevens,* 88 N.H. 164, 167, 184 A. 869, 871 (1936) ; W. Prosser, Law of Torts 299 (4th ed. 1971); *see Sayers v. Ralston Tree Service,* 104 N.H. 433, 440-41, 189 A.2d 480, 486-87 (1963).

The question whether the plaintiff was contributorily negligent for not seeing the defendant's automobile after she started to cross the street was for the trier of fact. *Colburn v. Normand,* 96 N.H. 250, 74 A.2d 559 (1950); *McCarthy v. Souther,* 83 N.H. 29, 137 A. 445 (1927). In the circumstances shown by the record, it could reasonably be found that the plaintiff had a right to rely on the defendant using reasonable care not to run her down on a crosswalk without seeing her, although his vision was good, and his headlights were lighted; as he testified. *Holt v. Grimàrd,* 94 N.H. 255, 257, 51 A.2d 149, 150 (1947). *See also Allen v. State,* 110 N.H. 42, 46, 260 A.2d 454, 457-58 (1969).

*Judgment on the verdict.*