604 P.2d 626

**April TANSY and Paul Tansy, wife and husband, Appellants,**

v.

**Charles E. MORGAN and Jane DOE Morgan, husband and wife, Appellees.**

**No. 14168.**

Supreme Court of Arizona, In Division.

Dec. 26, 1979.

Paul Broadwell, P. C., Robert C. Howard, Jr., Phoenix, for appellants.

Johnson, Tucker, Jessen & Dake, P. A., by G. Michael Jessen, Richard H. Oplinger, Phoenix, for appellees.

GORDON, Justice:

Plaintiffs April and Paul Tansy appeal a judgment in favor of defendants Charles E. and Jane Doe (Michelle) Morgan after trial by jury of an automobile collision suit. Assuming jurisdiction pursuant to 17A A.R.S.,

Arizona Rules of Civil Appellate Procedure, Rule 19(e), we reverse the judgment of the Superior Court.

The facts in this case, as they developed from testimony at trial, are almost entirely undisputed. April Tansy was driving her car eastbound on Peoria Avenue near 71st Avenue with her sister and nephew as passengers in the front seat. The weather was clear, and there were no visual obstructions on Peoria Avenue that day. At the site of the accident, Peoria Avenue had a 50 m. p. h. speed limit and was a two-lane roadway which was level and straight for a long distance in both directions. Plaintiff came to a slow stop, because there were two tumbleweeds on her side of the road, one of which was blocking her vision. At the location where plaintiff halted, there was a shoulder on the right side of the road that was just wide enough for one car. Beyond the shoulder was an irrigation ditch. Because of oncoming westbound traffic in the other lane, plaintiff was prevented from circumventing the tumbleweeds via the paved portion of the road.

Plaintiff remained at a stop for two or three minutes while she and her sister discussed whether they ought to get out and remove the obstructions. Plaintiff did not activate her emergency flashes while stopped, but she and her sister testified at trial that she did keep her foot on the brake to prevent her car, which had an automatic transmission, from moving. The only disputed fact in the case is whether plaintiff's brake lights were in operation while she was stopped.[1]

Defendant Charles Morgan had driven east onto Peoria Avenue from 73rd Drive with his wife Michelle Morgan seated beside him. It was approximately a quarter of a mile from 73rd Drive to the site of the accident. There were no other vehicles between defendant's and plaintiff's cars. As he entered Peoria Avenue, defendant began traveling at 25–30 m. p. h. He first became aware of plaintiff's car ahead of him when he was approximately 300 feet from it. At that point, he concluded that the vehicle was moving, because he saw no brake lights, no intersection, and no other apparent traffic impediment, which might have caused plaintiff's car to stop.

When defendant was approximately 100 feet from plaintiff's car, and traveling at about 45 m. p. h., he realized that plaintiff's car was not moving. He braked immediately, but was unable to stop and collided with the rear of plaintiff's vehicle. Defendant did not swerve to the left because of oncoming westbound traffic. Although he did consider swerving to the right, he chose not to, viewing it unsafe because of the irrigation ditch beyond the road's shoulder.

Plaintiffs appeal the judgment entered on the jury's verdict in defendants' favor and the court's denial of a motion for a new trial, citing as error two jury instructions, which the court gave over plaintiffs' timely objections.

The first challenged instruction involved the doctrine of sudden emergency:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of after-events it should appear that a different course would have been better and safer.

"If a motor vehicle driver himself created the sudden emergency or brought about the perilous situation through his

[1]. Plaintiff testified that the car was only four months old. Her sister testified that she had seen the lights working only fifteen minutes before the accident.

own negligence, he cannot avoid liability for an injury merely on the ground that his acts were done in the stress of a sudden emergency. He cannot shield himself behind an emergency created by his own negligence."

■ Preliminarily, it bears emphasis that this Court must view the evidence from a perspective most favorable to the party who requested the instruction, in this case the defendants. *Worthington v. Funk*, 7 Ariz. App. 595, 442 P.2d 153 (1968).

■ Precedent instructs that three prerequisites must be satisfied before a sudden emergency instruction is appropriate. There must be a sudden or unexpected confrontation with imminent peril. *See, e. g., Sheehy v. Murphy*, 93 Ariz. 297, 380 P.2d 152 (1963); *Worthington v. Funk, supra; Kudrna v. Comet Corp.*, Mont., 572 P.2d 183 (1977); *Vander Laan v. Miedema*, 385 Mich. 226, 188 N.W.2d 564 (1971). The emergency must not be a result of the negligence of the person seeking the instruction. *See, e. g., Cano v. Neill*, 12 Ariz.App. 562, 473 P.2d 487 (1970). Finally, the party seeking application of the doctrine must have had two or more alternative courses of conduct available. *Dobbertin v. Johnson*, 95 Ariz. 356, 390 P.2d 849 (1964); *Woods v. Harker*, 22 Ariz.App. 83, 523 P.2d 1320 (1974).

■ Plaintiffs contend that the first two of the above requirements were not met. We are persuaded that the evidence in the case did not reasonably support the instruction, *see Rodriguez v. Besser Co.*, 115 Ariz. 454, 565 P.2d 1315 (App.1977), because the defendant was not suddenly or unexpectedly confronted with imminent peril. Plaintiff's car had been stationary for several minutes. It was in plain view, in broad daylight, under favorable weather conditions for a period of time that was more than ample to give defendant the opportunity to stop. Other courts faced with fact situations similar in various respects to the instant one have concluded that a sudden emergency instruction was improper. *E. g., Beaumaster v. Crandall*, 576 P.2d 988 (Alaska 1978); *Kudrna v. Comet Corp., supra; Mesecher v. Cropp*, 213 Kan. 695, 518 P.2d

504 (1974); *Vander Laan v. Miedema, supra; Spillers v. Simons*, 42 Mich.App. 101, 201 N.W.2d 374 (1972).

The only aspect of the situation that was "sudden" was defendant's realization that plaintiff's car was stopped and that he was then too close to avoid collision. *See Kudrna v. Comet Corp., supra*. Thus, we cannot say that defendant was so suddenly confronted with an unexpected, physical danger as to deprive him of his power to use reasonable judgment. *Pittman v. Boiven*, 249 Cal.App.2d 207, 57 Cal.Rptr. 319 (1967). The court erred in instructing the jury on sudden emergency.

We next address the issue of the second challenged jury instruction because of the likelihood of its reoccurrence upon retrial. This instruction sought application of A.R.S. § 28–871(A) and was worded as follows:

"If you find that any party to this suit violated any of the following laws, then that party is negligent. You should then determine whether that negligence was a cause of the plaintiff's injury.

\*    \*    \*    \*    \*    \*

A.R.S. § 28–871A

"Upon any highway outside of a business or residence district, no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park or so leave the vehicle off that part of the highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of the stopped vehicles shall be available from a distance of [200] feet in each direction upon the highway."

Plaintiffs contend, first, that this instruction should not have been given, because the Tansy vehicle was not stopped within the meaning of the statute. They argue that April Tansy's stop is excepted from the operation of the statute by A.R.S. § 28–602(19), which defines stopping as follows:

" 'Stop, stopping or standing,' when prohibited, means any stopping or standing of a vehicle, whether occupied or not, *except when necessary to avoid conflict with other traffic* or in compliance with directions of a police officer or traffic-control sign or signal." (Emphasis added.)

We disagree with plaintiffs' assertion that the stop was necessary to avoid conflict with westbound traffic on Peoria Avenue. The evidence indicated that plaintiff was at a complete stop in the roadway and that there was sufficient room on the right shoulder for a vehicle to pull off the road. Plaintiff could have avoided conflict with traffic by so utilizing the shoulder rather than by stopping in the middle of the road. The jury, therefore, could reasonably conclude that it was "practicable" for the plaintiff to stop her vehicle off the highway and that failure to do so was a "stop" in violation of A.R.S. § 28–871 A.

Plaintiffs also contend that the Legislature did not intend A.R.S. § 28–871 to prohibit involuntary stops, as demonstrated by the exception provided for disabled vehicles in subsection B:

"This section shall not apply to:

"1. The driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position."

Because there was ample evidence that it *was* possible for the plaintiff to avoid stopping, the jury could reasonably conclude that the stop was voluntary and in violation of A.R.S. § 28–871. Plaintiffs' challenge to the giving of this instruction is without merit.

Reversed and remanded.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concurring.