Strafford
No. 80-227

DAVID BERNIER

v.

GARY DEMERS

March 16, 1981

*Krans & Krans*, of Dover (*Allan B. Krans* on the brief and *Hamilton R. Krans, Jr.*, orally), for the plaintiff.

*Wiggin & Nourie,* of Manchester (*Gordon A. Rehnborg, Jr., & a.* on the brief and *Mr. Rehnborg* orally), for the defendant.

DOUGLAS, J.   The single issue in this case is whether the trial judge erred in stressing the importance of the law of contributory negligence in his charge to the jury in a comparative negligence case. We find that he did.

The plaintiff was a passenger in the back of a pickup truck from which he fell and sustained injuries. He brought suit against the defendant driver, asserting negligence. The case was tried before a jury resulting in a verdict for the defendant. Neither party submitted timely requests for instructions, but during the course of his lengthy instructions, the Trial Judge (*Goode,* J.) said:

> "This next statement is regarded as important, and I will repeat it twice. If you find upon a consideration of all of the evidence in this case that the defendant, Mr. Demers, was negligent, and if this negligence was the cause of Mr. Bernier's injuries, then the defendant would be at fault and the plaintiff, Mr. Bernier, would be entitled to recover, unless—unless you decide from the evidence that the plaintiff, Mr. Bernier, *was in some way contributorily negligent* with respect to the injuries that he received. That's a long sentence. It says a lot, and I would like to repeat it to you."

(Emphasis added.) Later, the court again discussed contributory negligence, but in the proper context of comparative negligence and the fifty percent test of RSA 507:7-a (Supp. 1979).

The plaintiff excepted only to that portion of the twenty-four-page charge set forth above. During the conference at the bench the judge responded:

> "I said that [?]. If I said that, I was in error. Did I say that?"

He did and he was. See RSA 507:7-a (Supp. 1979).

■■   The defendant and the dissenters assert that, because the jury, in answer to special verdict questions, found *no* negligence on the part of the defendant driver, the erroneous charge had no effect on the jurors. In this State, however, the test for determining whether an erroneous civil jury charge is reversible error is whether the jury *could have been* misled. *Lindberg v. Swenson,* 95

N.H. 184, 187, 60 A.2d 458, 460 (1948); *see Faust v. General Motors Corp.*, 117 N.H. 679, 686, 377 A.2d 885, 889 (1977). Following a lengthy boilerplate discussion of credibility, number of witnesses, and other topics, the judge finally stressed the matter of contributory negligence by saying it was "important" and then repeating it. Such emphasis focused the jurors' attention on that misstatement of the law. Negligence is the heart of the case, and an erroneous instruction concerning it is likely to have misled the jury. Due to the erroneous discussion of contributory negligence, we cannot conclude that the instruction was clear and intelligible, or that the jury could not have been misled. *See Poulin v. Provost*, 114 N.H. 263, 264, 319 A.2d 296, 297–98 (1974); *Faust v. General Motors Corp.*, *supra* at 686, 377 A.2d at 889.

We recently cautioned trial judges not to wax nostalgic in their charges about the old doctrine of contributory negligence. *See Bellacome v. Bailey*, 121 N.H. 23, 426 A.2d 451 (1981). Such charges only confuse jurors who may never have heard of the doctrine nor understood it if they had.

*Reversed and remanded for new trial.*

GRIMES, C.J., and BOIS, J., dissented; the others concurred.

GRIMES, C.J., and BOIS, J., dissenting: In this automobile accident case, the trial court instructed the jury that if the defendant was found to be negligent and if that negligence caused the plaintiff's injuries, the plaintiff would be entitled to recover "unless you decide . . . that the plaintiff, Mr. Bernier, was in some way contributorily negligent. . . ." This charge was repeated because of the length of the sentence which contained it.

The court also correctly instructed on comparative negligence. The plaintiff argues that the emphasis placed on the above-quoted part of the charge misstated the law and that the charge as a whole was left with two conflicting rules.

The part of the charge which is quoted standing alone is incorrect. The plaintiff is not barred from recovery unless his negligence exceeds that of the defendant. However, the error was harmless because, from the answers to the special question submitted to the jury, it is clear that the jury did not find the defendant to be at fault and it was therefore unnecessary to reach the question of the plaintiff's fault to which the alleged error related. We therefore dissent.