Rockingham
No. 84-189

MARY ANN DYER & a.

v.

HERB PROUT & COMPANY, INC.

July 24, 1985

*Law Offices of James J. Kalled,* of Ossipee (*James B. Kazan* on the brief and orally), for the plaintiff Mary Ann Dyer.

*Law Offices of William E. Brennan,* of Manchester (*James A. Normand*), joining in the above brief, for the plaintiff Joseph A. Dyer, Administrator.

*Kearns, Colliander, Donahue & Tucker P.A.,* of Exeter (*Peter F. Kearns* and *David S. Brown* on the brief, and *Mr. Kearns* orally), for the defendant.

KING, C.J.  The plaintiffs appeal a jury verdict in the Superior Court (*Gray*, J.) for the defendant, an insurance company, on a cause of action sounding in negligence. The plaintiffs allege that the defendant, Herb Prout & Company, Inc., should have recommended that Mary Ann Dyer obtain uninsured motorist coverage of $500,000 to match the amount of her liability coverage. We vacate the trial court's verdict and remand for a new trial.

The plaintiffs are Mary Ann Dyer and her husband, Joseph A. Dyer, the administrator of the estate of Amanda Dyer, the couple's ten-month-old daughter. The injuries for which the plaintiffs sue are the result of an accident which occurred in Midway, Georgia, on April 17, 1981. Mary and Amanda were passengers in a Chrysler pick-up camper driven by Mary's sister-in-law, Karen Burleigh. The camper left the highway, turned over onto its left side and burst into flames. As a result of the fire, the plaintiffs' daughter Amanda was killed, and Mary sustained extensive injuries.

Karen Burleigh was an uninsured motorist. Following the accident, Mary claimed recovery on her own insurance policy, which was purchased through the defendant and issued by the United States Fidelity and Guaranty Insurance Company. The insurance company paid Mary the policy limits of $40,000 for uninsured motorist coverage and $1,000 for medical payment coverage. The plaintiffs now claim that the defendant should have provided Mary with coverage of $500,000 for uninsured motorist claims.

The policy in question was purchased by Mary on April 4, 1980, in order to provide coverage for a 1977 Ford truck. The policy was issued by the defendant following a conference at the defendant's office between the office manager and Mary. The defendant provided liability coverage of $500,000 and, without specifically discussing the uninsured motorist coverage, set the amount of uninsured motorist coverage at $40,000.

In May, 1981, the defendant renewed the policy and continued the same coverage. Following the accident in Georgia, the plaintiffs filed this suit against the defendant, claiming that it had negligently failed to advise Mary of the cost and availability of additional uninsured motorist coverage up to the amount of the liability coverage of $500,000.

Following trial, the jury returned a verdict for the defendant. The plaintiffs moved for a new trial, and the trial court denied the motion. The plaintiffs have briefed and argued two grounds for a new trial: (1) that the court erroneously gave a "pure accident" instruction, with respect to the driver's liability, which confused and prejudiced the jury; and (2) that the defendant at trial engaged in

"finger pointing" at other defendants, not named in the suit, in violation of a prior court order.

The plaintiffs appeal the trial court's instruction on "pure accident," claiming that it confused the jury. The court instructed the jury that:

> "I just said the word 'accident.' The fact of an accident does not in and of itself entitle someone to damages or to a recovery. Some things in life happen as pure accidents. If you find this to be a pure accident; that is, the accident in Georgia, if you find that to have been a pure accident with no negligence, then you stop right there and find for the defendant."

It has been the practice in New Hampshire to leave it "within the discretion of the trial court to determine whether [a pure accident instruction] shall be given." *Patterson v. Corliss*, 112 N.H. 480, 484, 298 A.2d 586, 589 (1972). Despite the discretionary nature of pure accident instructions, this court has observed:

> "After a jury of laymen have been adequately charged on the issues of negligence, contributory negligence and the burden of proof for the accident that they are considering, it is doubtful that any good can be accomplished by plunging them into semantics of pure accident, unavoidable accident and inevitable accident . . . . In the interest of avoiding confusion in the minds of the jury, it is believed that an instruction on pure accident should be given a restrictive application. . . ."

*LaDuke v. Lord*, 97 N.H. 122, 123–24, 83 A.2d 138, 139 (1951).

There are a number of reasons for avoiding the use of pure accident instructions. The instruction often sounds like a defense, but it reflects nothing more than a denial by the defendant of negligence or a claim that his negligence, if any, was not the proximate cause of the plaintiff's injuries. *Butigan v. Yellow Cab Co.*, 49 Cal. 2d 652, 658–59, 320 P.2d 500, 504 (1958). The instruction tends to give the jury the impression that unavoidability is a separate issue to be decided and, if proved, a separate ground of non-liability of the defendant; on the contrary, liability in tort in a case such as this rests solely on the basis of negligence and proximate causation. *Id.*, 320 P.2d at 505; *City of Phoenix v. Camfield*, 97 Ariz. 316, 323, 400 P.2d 115, 120 (1965); *see White v. Schnoebelen*, 91 N.H. 273, 275, 18 A.2d 185, 186 (1941).

When included in a jury charge, an instruction on unavoidable accident is a superfluity that favors the defendant, not only because

it may be misunderstood as a separate ground of non-liability, but also because it has a cumulative effect as but one more "you-should-find-for-the-defendant" type of instruction. *Fenton v. Aleshire*, 238 Or. 24, 34, 393 P.2d 217, 222 (1964); *see* Rees, *Unavoidable Accident—A Misunderstood Concept*, 5 ARIZ. L. REV. 225, 226–28, 247 (1964).

As a result of the concerns recognized by this court in *LaDuke* and discussed above, we now rule that it is reversible error for a trial judge to instruct a jury on pure or unavoidable accident. While there would be nothing objectionable in the first two sentences of the quoted portion of the charge, as a preface to basic instructions on negligence and causation, the remainder of the quoted instruction was reversible error.

The "pure accident" instruction given in the present case was therefore reversible error. As a result, we vacate the verdict and remand for a new trial. The additional arguments made on appeal need not be decided because the case must be retried.

*Vacated and remanded for new trial.*

All concurred.