Strafford
No. 84-296

## Julie E. Gagnon

v.

## Harold T. Crane

July 24, 1985

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Donald R. Bryant* and *Sharon A. Spickler* on the brief, and *Ms. Spickler* orally), for the plaintiff.

*Backus, Meyer & Solomon P.A.*, of Manchester (*Robert A. Backus* and *Michael E. Ipavec* on the brief, and *Mr. Ipavec* orally), for the defendant.

KING, C.J.   The plaintiff brought this action seeking money damages for injuries allegedly received in an automobile collision with the defendant. After a trial in the Superior Court (*Contas*, J.), a jury returned a verdict in favor of the defendant. The plaintiff has appealed. We reverse.

According to the record before us, on October 10, 1981, the plaintiff was driving her automobile, which was second in a line of three automobiles proceeding north along Route 16 in Dover. As the line of vehicles neared Tuttle's Farm Market (Tuttle's Red Barn), the lead driver, one Victor Marshall, made a last minute decision to turn into the market's northerly parking lot. He indicated his intention to turn left and braked to a gradual but perhaps "slightly-more-abrupt-than-usual" stop. The plaintiff, following at a distance behind, came to a gradual stop behind Mr. Marshall's vehicle. The defendant, driving the third car in the line and following the plaintiff's vehicle, saw the plaintiff's brake lights flash on and attempted to stop without changing lanes, but was unable to do so in time. The speed of his vehicle at impact with the plaintiff's automobile is in dispute. He testified that it was approximately five miles per hour; she, however, testified that the impact was both very sudden and severe.

At the close of evidence, the defendant requested and received instructions on the doctrines of sudden emergency, instinctive action and unavoidable accident. To these the plaintiff objected and took timely exception.

After the jury's verdict in favor of the defendant, the plaintiff filed post-trial motions to set aside the verdict and for a new trial on the basis that the verdict was both against the evidence and against the weight of the evidence, and that the jury charge was erroneous and misleading. The trial court denied these motions, and the plaintiff brought this appeal seeking review of the asserted errors in the proceeding below.

In the case at bar the plaintiff claims to have proved that she came to a gradual stop behind the automobile ahead of her, a stop occasioned by no difficulty whatsoever; that while stopped she had her brake lights on; that the defendant saw her brake lights while at a distance of some forty to fifty feet behind her; that seconds after her stop her automobile was rear-ended by the defendant's motor vehicle; that the collision was accompanied by the squealing of brakes; and that the impact of the collision forced her automobile to collide with the motor vehicle ahead of her. The defendant claims to have proved that the first vehicle, that is, the one ahead of the plaintiff, made an abrupt stop; that the first vehicle's precipitous stop forced the plaintiff to make a similarly abrupt stop; that he was unable to take evasive action; and that he braked but was unable to stop before colliding with the plaintiff's automobile, at which point he had decelerated to five miles per hour.

Upon such claims of proof, the task of the jury was to determine whether the plaintiff had proved that the collision was caused by the

negligence of the defendant. If the jury found that the defendant, Harold Crane, was negligent and that his negligence was the proximate cause of the collision and the injuries which followed, it was then required to find the defendant liable to the plaintiff, Julie Gagnon, and also to determine the extent of his liability. If the jury found that the defendant was not negligent, or that his negligence was not a proximate cause of the collision, or that the plaintiff's negligence was greater, then it was required to find for the defendant.

The court instructed the jury on burden of proof, negligence and causation. At the request of the defendant, the court charged the jury on the doctrine of unavoidable accident, as follows:

> "You are further instructed that when an accident happens without any negligence on the part of anybody, such accident is in law regarded as unavoidable. If any person is injured slightly or seriously as a result of an unavoidable accident, such person is not entitled to recover under the law. If you find from the evidence in this case that the accident complained of was unavoidable, then you must render a verdict for the defendant, Mr. Crane."

The court did not relate this portion of its charge to the evidence or the pleadings. To this charge the plaintiff objected and took timely exception, but offered no grounds for her objection.

■ Under our holding today in *Mary Ann Dyer v. Herb Prout & Co., Inc.*, 126 N.H. 763, 766, 498 A.2d 715, 717 (1985), the giving of a pure or unavoidable accident instruction is not within the discretion of the trial court, and it is to be accounted reversible error to give it. In the context of the present case, then, it was reversible error for the trial court to give the instruction on unavoidable accident.

■■ Inasmuch as a new trial is likely and the defendant's theory of sudden emergency or instinctive action will doubtless arise again, we believe that in the interest of judicial economy some additional guidance for the trial bench on these doctrines is proper at this time. The trial court charged the jury as follows:

> "If you find the defendant was called upon to act in an emergency not created by his own negligence, in this particular case, the fact that he was acting under the stress of emergency is a circumstance to be considered in determining whether Mr. Crane was negligent in this particular case. If you find that Mr. Crane acted as the ordinary person of average prudence would have acted under these

circumstances, then you could find a verdict for the defendant, Mr. Crane. If you find that Mr. Crane was faced with a situation which permitted time only for instinctive action, you are entitled to find the defendant was not guilty of negligence in so reacting."

The danger of misleading or confusing the jury generally outweighs any benefit which the jury might derive from employment of the sudden emergency instruction. Again, the ordinary rules of negligence, properly and sufficiently explained, afford an adequate guide by which to appraise conduct. *See Eslinger v. Ringsby Truck Lines, Inc.*, 195 Mont. 292, 302, 636 P.2d 254, 260 (1981); *Meyst v. East Fifth Ave. Service, Inc.*, 401 P.2d 430, 433 (Alaska 1965). In *Finley v. Wiley*, 103 N.J. Super. 95, 103, 246 A.2d 715, 719 (1968), the court entertained "grave doubt whether a sudden emergency charge should ever be given in an ordinary automobile accident case," stating that the instruction was argumentative, unnecessary and confusing. *See Gates Rubber Co. v. Duke*, 367 So. 2d 910, 912 (Miss. 1979). We agree.

■ The existence of a sudden emergency is but a circumstance to be considered with all other circumstances in arriving at a determination of whether there has been an exercise of due care. Like unavoidable accident, it is not a separate defense; nevertheless, the danger exists that an ill-drawn instruction on sudden emergency may intimate to the jury that the ordinary rules of negligence do not apply. We caution trial courts to be sparing in the use of the instruction. It is to be granted on request only when the evidence discloses that the situation claimed to be an emergency was "sudden and unexpected," and that it deprived the actor "of reasonable opportunity for deliberation and considered decision." W. PROSSER & W. KEETON, THE LAW OF TORTS § 33, at 197 (5th ed. 1984); *see also Frost v. Stevens*, 88 N.H. 165, 166–67, 184 A. 869, 871 (1936); *Hill v. Company*, 96 N.H. 14, 16, 69 A.2d 1, 3 (1949). Further, current road and traffic conditions dictate that motorists drive defensively, one aspect of which is the need to anticipate certain emergency situations such as the sudden appearance of obstacles or persons, darting children, crowded intersections and sudden stops. PROSSER & KEETON *supra*. These circumstances may be so routine as to make inappropriate the sudden emergency instruction. In such a case an unnecessary instruction would tend to be argumentative in effect and to over-emphasize unfairly a portion of the evidence. *Finley v. Wiley, supra* at 103, 246 A.2d at 719.

■ Specifically, the doctrine requires evidence that would be sufficient to support a finding that: (1) a sudden and unforeseen emergency situation actually existed; (2) the situation was not created by the negligence of the person seeking the instruction; and (3) the person seeking application of the doctrine had alternative courses of action available and chose, if not the wisest course of action, one which a reasonably prudent person under such circumstances might have taken. *See London v. Perreault*, 118 N.H. 392, 397, 387 A.2d 342, 345–46 (1978); *Frost v. Stevens, supra* at 167, 184 A. at 871; *Jones v. Railroad*, 83 N.H. 73, 84–85, 139 A. 214, 221 (1927); *see also Tansy v. Morgan*, 124 Ariz. 362, 364, 604 P.2d 626, 628 (1979); *Miller v. Porter*, 156 Conn. 466, 469, 242 A.2d 744, 746 (1968).

■ The evidence in the case at bar fails to demonstrate to us that the instruction on the emergency doctrine was warranted. From all that appears, the defendant, Mr. Crane, was not confronted by a sudden and unforeseen peril. Plaintiff's car was in his plain view at all times, in broad daylight and on dry road for a period of time that would have afforded him a reasonable opportunity to stop. Plaintiff's brake lights were on, and Mr. Crane saw them; but, in spite of the fact that he had been following at a distance of some four or five car lengths, he did not, according to his own testimony, apply the brakes until he was approximately twenty feet from the plaintiff's vehicle. In fact, what was "sudden" about the situation in which the defendant found himself was his realization that the plaintiff's vehicle was stopped and that he could not avoid colliding with it. In *Tansy v. Morgan supra*, upon very similar facts, the court said that it could not conclude "that defendant was so suddenly confronted with an unexpected, physical danger as to deprive him of his power to use reasonable judgment." 124 Ariz. at 364, 604 P.2d at 628.

■ The evidence further suggests that had the defendant properly anticipated the conditions of the road attendant to the time and place, the accident might never have transpired. The plaintiff's vehicle was stopped, her brake lights were on, and the view of her vehicle was unobstructed. The defendant was aware not only of these circumstances, but also of the fact that stop-and-go traffic in the vicinity of markets and other shopping establishments is an everyday occurrence in motoring. The plaintiff's stopping in response to the fact that the vehicle ahead was preparing to turn against traffic into Tuttle's was but a condition of the road, of which the defendant was aware or which he was bound to anticipate. The defendant's attempt to hold the driver of the first automobile responsible for the emergency situation fails on the evidence pre-

sented. There was no evidence suggesting that the driver of that vehicle made the kind of "panic stop" that might generate an emergency situation. In our opinion the evidence strongly suggests that the defendant had a substantial role in creating the circumstances which he maintains constituted an emergency. One who creates or contributes to an emergency situation may not subsequently seek to use it as a shield to liability. *Paradis v. Greenberg*, 97 N.H. 173, 174–75, 83 A.2d 606, 607 (1951); *Pickard v. Morris*, 91 N.H. 65, 69, 13 A.2d 609, 612 (1940).

■ Finally, assuming that a jury question remained regarding the defendant's negligence in failing to respond to the circumstances surrounding the plaintiff's stopped vehicle, we note that without an available alternative course of action from which to choose, the sudden emergency doctrine is inapplicable. *Frost*, 88 N.H. at 167, 184 A. at 871; *see also Zook v. Baier*, 9 Wash. App. 708, 714, 514 P.2d 923, 929 (1973); *Davis v. Calhoun*, 128 Ga. App. 104, 107, 195 S.E.2d 759, 761 (1973). The evidence as developed showed no alternatives available to the defendant *after* he realized the situation which would have given rise to the application of the emergency doctrine. As the court in *Frost* concluded, "[t]he evidence indicates that all he could do was to stop, that he did so as quickly as was humanly possible, and that the emergency did not in any way affect his conduct." *Frost*, 88 N.H. at 167, 184 A. at 871. As in *Davis supra*, the thrust of the defendant's argument is not so much that he made a choice of action under emergency conditions, but that he was not negligent and that the accident was due to the negligence of someone else.

■ ■ The plaintiff also objects to the trial court's having given an instruction on the instinctive action doctrine. Whereas under the emergency doctrine the actor may yet be found negligent by the trier of fact for his choice of action in the emergency situation, under the instinctive action doctrine it is said that no liability attaches, because the emergency situation has left the actor no time for thought, even thought under stress. *Allen v. State*, 110 N.H. 42, 47, 260 A.2d 454, 458 (1969); *Remillard v. New Eng. Tel. Co.*, 115 N.H. 702, 704, 349 A.2d 588, 590 (1975). The latter doctrine "inheres" in the former, *Kardasinski v. Koford*, 88 N.H. 444, 446, 190 A. 702, 703 (1937), but no bright line distinguishes the two as a matter of law. Since we have already determined that no unforeseen or unexpected circumstance which the defendant should not have anticipated gave rise to the emergency situation, it is manifest that there was no need to instruct upon the instinctive action doctrine as well, and to have done so further prejudiced the plaintiff's case.

The general purpose of the trial court's charge is to state and explain to the jury in clear and intelligible language the rules of law applicable to the issues of fact upon which their verdict is to be based. *Poulin v. Provost*, 114 N.H. 263, 264, 319 A.2d 296, 297 (1974); *Cyr v. Sanborn*, 101 N.H. 245, 250, 140 A.2d 92, 96 (1958). An improperly submitted instruction, if itself a clear and correct statement of the law, may not necessarily constitute reversible error. *Lindberg v. Swenson*, 95 N.H. 184, 186, 60 A.2d 458, 459 (1948); *see also Faust v. General Motors Corp.*, 117 N.H. 679, 686, 377 A.2d 885, 889 (1977). Nevertheless, if an improper instruction could have misled the jury, it constitutes reversible error. *Lindberg v. Swenson, supra* at 187, 60 A.2d at 460; *Bernier v. Demers*, 121 N.H. 217, 218, 427 A.2d 514, 515 (1981). Given the propensity to confuse which is inherent in the sudden emergency doctrine, and based on our review of the evidence contained in the record before us, we cannot conclude that the jury could not have been misled. *Id.* at 219, 427 A.2d at 515.

Since error in the giving of the instruction on unavoidable accident calls for a new trial, we shall deal only briefly with the plaintiff's remaining assignments of error. The refusal of the trial court to charge the jury on the speed statute, RSA 262-A:54 (now codified at RSA 265:60), and its refusal to instruct the jury that the defendant had a duty to anticipate perceivable or expected risks of injury, were correct and present no errors of law. The statute would have added nothing to the language already charged. The requested language on the duty to anticipate the movement of traffic likewise was unnecessary because it was already adequately covered by the trial court in its charge. *Corbeil v. Rouslin*, 112 N.H. 295, 297, 293 A.2d 760, 761 (1972). Additionally, it was not necessary for the trial court to emphasize selected portions of the evidence. *Sigel v. Boston & Maine R.R.*, 107 N.H. 8, 29, 216 A.2d 794, 810 (1966).

Plaintiff's arguments that the trial court's instructions on the burden of proof were prejudicial to her case are meritless. The charge given incorporated the substance of the plaintiff's requested instruction that she needed to prove only one of her claims in order to prevail. It is not necessary for the trial court to charge in the precise language requested by a party. *Id.* In view of our disposition of the case, plaintiff's objection to the trial court's corrective instructions is moot. Similarly, since we disapprove of the giving of an instruction on the emergency doctrine in this case, it is unnecessary for us to deal with the issue of its introduction into evidence and burden of proof.

Finally, because reversal is required in this case, plaintiff's

arguments respecting the trial court's refusal to set aside the verdict as either against the evidence or against the weight of the evidence are moot.

We order that the judgment in this case be set aside. The plaintiff is entitled to a new trial.

*Reversed.*

All concurred.