Strafford
No. 85-557

TALLEY STANLEY, ADMINISTRATRIX OF THE
ESTATE OF LEONARD STANLEY

v.

WILLIAM C. WALSH
AND
MIDWAY EXCAVATORS, INC.

October 3, 1986

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Paul R. Cox* and *Sharon A. Spickler* on the brief, and *Ms. Spickler* orally), for Talley Stanley.

*Hall, Morse, Gallagher & Anderson*, of Concord (*G. Wells Anderson* and *Charles P. Bauer* on the brief, and *Mr. Bauer* orally), for William C. Walsh.

*Sheehan, Phinney, Bass & Green P.A.*, of Exeter (*Peter F. Kearns* on the brief and orally), for Midway Excavators, Inc.

KING, C.J. The question presented by this case is whether the Superior Court's (*O'Neil*, J.) use of the term "pure accident" in his instruction requires reversal of the verdict for the defendants. We hold that the erroneous instruction was harmless and therefore affirm.

On April 24, 1977, plaintiff's decedent, Leonard Stanley, was involved in a two-car collision in Barrington with a vehicle operated by the defendant William C. Walsh. The collision occurred on a portion of Route 125 which was being reconstructed by defendant Midway Excavators, Inc. (Midway). Walsh pleaded guilty to the charge of driving while under the influence of intoxicating liquor at the time of the accident. Leonard Stanley died approximately one year later from a myocardial infarction.

The plaintiff brought suit claiming that Walsh and Midway were negligent and that their negligence proximately caused the injuries which contributed to Leonard Stanley's death. At the conclusion of trial, the superior court gave instructions to the jury that included an instruction on pure accident, to which the plaintiff objected. The jury returned a verdict for the defendants, accompanied by special findings that apportioned negligence as follows: Walsh 10%; Midway 30%; and Stanley 60%.

The plaintiff moved to have the verdict set aside and for a new trial, which was denied. The plaintiff then moved for a reconsideration of the motion to set aside on the basis of our opinions in *Dyer v. Herb Prout & Company, Inc.*, 126 N.H. 763, 498 A.2d 715 (1985) and *Gagnon v. Crane*, 126 N.H. 781, 498 A.2d 718 (1985), and that motion was also denied. The plaintiff now brings this appeal contending that: (1) the trial court should have applied the holdings in *Dyer* and *Gagnon* and granted the request for a new trial; and (2) it was reversible error to give the pure accident instruction.

■■ The first issue which we address is whether our recent decisions in *Dyer* and *Gagnon,* which make instructing a jury on pure accident reversible error, should be applied retroactively to the case at bar. *Dyer, supra* at 766, 498 A.2d at 717; *Gagnon, supra* at 784, 498 A.2d at 720. The answer clearly is yes. As we held in *Waid v. Ford Motor Company*, 125 N.H. 640, 641, 484 A.2d 1152, 1153 (1984) and *Hampton National Bank v. Desjardins*, 114 N.H. 68, 73, 314 A.2d 654, 657 (1974), it is the general common law rule that appellate decisions in civil cases operate retroactively. Where reasons of equity require this court to apply decisions purely prospec-

tively it will do so, for we reject pat application of the common law rule. *Id.* But no such reasons for doing so are present in this case.

The defendants here cannot claim they are being penalized by a retroactive prohibition of the pure accident instruction, nor that any inequity results from such a prohibition. *See Hampton Nat'l Bank v. Desjardins, supra* at 75, 314 A.2d at 658. The decisions in *Dyer* and *Gagnon* address a procedural rule of law rather than a substantive rule of behavior. Thus, at the time Walsh's vehicle struck Stanley's, the defendants can hardly be deemed to have relied on some supposed right to have a jury later instructed on pure accident. Moreover, as early as 1951 this court cautioned that pure accident instructions "should be given a restrictive application . . . ." *LaDuke v. Lord,* 97 N.H. 122, 124, 83 A.2d 138, 139 (1951). Accordingly, the decisions in *Dyer* and *Gagnon* were not unforeshadowed, nor did they establish "a new principle of law by overruling clear past precedent on which litigants relied . . . ." *Hampton, supra* at 75, 314 A.2d at 658. In sum, the facts of this case do not demand a purely prospective application of the *Dyer* and *Gagnon* decisions.

Although our decisions in *Dyer* and *Gagnon* are to be applied retroactively, we need not address the effect of retroactive application in the case at bar because the trial court's instruction was at most harmless error.

■■ "The general purpose of the trial court's charge to the jury is to state and explain to them in clear and intelligible language the rules of law applicable to the issues of fact upon which their verdict is to be based." *Poulin v. Provost,* 114 N.H. 263, 264, 319 A.2d 296, 297 (1974). In New Hampshire, "[t]he test of the adequacy of a charge is whether it fairly presented the case to the jury in such a manner that no injustice was done to the legal rights of the litigants." *Id.* "If the charge as a whole was such that it may have led the jury to return a wrong verdict, the verdict must be set aside." *Fletcher v. Kunze,* 125 N.H. 277, 279, 480 A.2d 141, 142 (1984). *But see March v. The Portsmouth and Concord R.R.,* 19 N.H. 372, 377 (1849).

■■ The general rule we laid down in *Dyer* and *Gagnon,* that giving a pure accident instruction is reversible error, is subject to a common sense exception where that error was harmless. Here we have such a situation. Upon examination of the totality of the trial court's charge, we find that the jury could not have been misled by the court's inclusion of the pure accident doctrine in its instructions. Those instructions were comprehensive and they placed no special emphasis on the concept of pure accident. Unlike *Dyer* and *Bernier v. Demers,* 121 N.H. 217, 427 A.2d 514 (1981), the trial judge did not

stress the importance of the pure accident doctrine nor did the court repeat the questionable portions of the jury instructions. It is also significant that the defendants charged the plaintiff with negligence in the instant case, so that each party was subject to a negligence claim. The instructions as given bore no relation to any particular party and therefore could not have been construed as favoring either the plaintiff or the defendants.

Moreover, the verdict itself is a significant indication that the juror's deliberations were not affected by the reference to pure accident. Because the jury found *all* parties negligent to some degree, there is little likelihood that the jurors were influenced by recitation of a doctrine which requires a finding that *nobody* is liable and *nobody* is entitled to damages.

*Affirmed.*

All concurred.