Hillsborough
No. 86-266

JANETTE WOODBURY & WAYNE WOODBURY

v.

JILL ATHENSON BLAKE

November 5, 1987

*Moquin & Daley P.A.*, of Manchester (*Richard C. Moquin* on the brief and orally), for the plaintiffs.

*Faulkner, Plaut, Hanna, Zimmerman & Freund P.C.*, of Keene (*N. Michael Plaut* on the brief and orally), for the defendant.

## Memorandum Opinion

Souter, J. This appeal follows jury verdicts for the defendant in personal injury and consortium actions arising out of a two-car collision. The plaintiffs claim that the Superior Court (*C. Flynn*, J.) erroneously instructed the jury on the emergency doctrine without an adequate evidentiary basis. We affirm.

Although some rain and snow had fallen in Henniker on March 17, 1982, there was evidence that the defendant stopped her car without skidding at the central intersection in town, where she watched an automobile driven by one Hartshorn pass by, followed by a car driven by the plaintiff Janette Woodbury. The defendant then turned left and followed them for a short time, during which Woodbury was about six car lengths behind Hartshorn, and the defendant was two or three car lengths behind Woodbury. All three cars were moving at ten to fifteen miles an hour, and Woodbury later testified that she did not regard the defendant as tailgating.

Hartshorn suddenly brought her car to a stop, without her brake lights going on. Woodbury testified that she "slammed" on her own brakes and stopped about a car length behind Hartshorn. There was evidence that the defendant could not see Hartshorn's car, but that she did see Woodbury's brake lights. The defendant testified that she also noticed a car or person to her left, and pulled to the right as she applied her brakes. She described her car as having slid into Woodbury's, and Woodbury testified that the impact occurred immediately after she herself had stopped.

The trial court charged the jury on the emergency and instinctive action doctrines, over the plaintiffs' objection that the evidentiary basis was inadequate for instructing on the emergency doctrine. In *Gagnon v. Crane*, 126 N.H. 781, 498 A.2d 718 (1985), we held that instruction on the emergency doctrine is proper only if there is evidence to support findings that "(1) a sudden and unforeseen emergency situation actually existed; (2) the situation was not created by the negligence of the person seeking the instruction; and (3) the person seeking application of the doctrine had alternative courses of action available and chose, if not the wisest course of action, one which a reasonably prudent person under such circumstances might have taken." *Id.* at 786, 498 A.2d at 721 (citations omitted).

The evidence satisfied these conditions. The jury could have found that the defendant could not see the first car and had no warning of the need to stop until Woodbury "slammed" on her brakes. Although the jury could have found that the defendant had

created the emergency by a failure to allow enough stopping distance on a slippery road, it could also have concluded that three car lengths at ten or fifteen miles an hour was distance enough, if they accepted the defendant's testimony that she had not slid when she stopped at the intersection a few moments before the collision. Finally, the jury could have found that the defendant chose a course that was not negligent under the circumstances, in turning away from the left, where she said she had perceived a person or car, and in turning to the right as she braked her own car.

Although the plaintiffs assign further error to the court's instruction on instinctive action without an adequate evidentiary basis, and to the language of the emergency and instinctive action instructions as given, they raised neither issue by objection below and may not raise them for the first time here. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

*Affirmed.*

All concurred.