103 N.J. Super. 95 (1968)
246 A.2d 715
PAUL J. FINLEY, PLAINTIFF-APPELLANT,
v.
JOHN W. WILEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 17, 1968.
Decided September 18, 1968.
*97 Before Judges CONFORD, LABRECQUE and HALPERN.
Mr. Benjamin H. Chodash argued the cause for appellant (Messrs. Krieger, Chodash & Politan, attorneys).
Mr. Albert M. Neiss argued the cause for respondent (Messrs. Neiss & Radowitz, attorneys).
PER CURIAM.
Plaintiff appeals from a judgment in favor of defendant following a jury verdict of no cause for action, and from denial of his motion for a new trial.
Plaintiff sued for personal injuries sustained when an automobile operated by defendant crashed into the rear of a "cab over tractor" (tractor) being driven by him. The accident occurred on Tonnele Avenue at a point where there were two traffic lanes in each direction divided by a center *98 line. Tonnele Avenue was heavily travelled and "beset with intersecting streets and traffic lights." The speed limit was 40 miles an hour. The accident occurred at about 5:15 P.M. on October 2, 1964. It was raining at the time and the road was wet and "very slippery." Plaintiff testified that previous to the crash he had been proceeding southerly in the slow lane at about 30 miles an hour. As he was driving along he was struck in the rear without warning.
Defendant had been proceeding south in the fast or inside lane. He testified that as he approached a tractor-trailer (unidentified) which was proceeding in the slow lane, the latter swung into the fast lane. Thinking the driver of the tractor-trailer intended to make a left turn, he first applied his brakes, then swung around the rear of the tractor-trailer into the slow lane in an attempt to pass to the right. When he was able to see ahead in the slow lane he for the first time saw plaintiff's tractor 50 feet in front of him, moving at about 10 (later said to be 15) miles per hour. He again applied his brakes but they locked and, without warning, his car skidded into the rear of plaintiff's tractor. The driver of the tractor-trailer made no left turn, apparently having intended only to pass plaintiff.
The only eyewitnesses to the accident were the respective drivers. At the conclusion of the case plaintiff's motion for withdrawal from the jury's consideration of the defense of contributory negligence was opposed by defendant on the ground that if the jury believed plaintiff was in fact travelling 10 miles an hour in the slow lane, they could find such conduct to be contributory negligence. Plaintiff's motion was denied and the case was submitted to the jury in a charge which required it to make separate and specific findings as to negligence and contributory negligence. In response to written interrogatories the jury found no negligence on defendant's part and contributory negligence on plaintiff's part. The entry of judgment was followed by a motion for a new trial on the ground that the verdict was contrary to the weight of the evidence. Denial of the motion was based *99 upon the trial judge's conclusion that he could not say that the jury's finding of contributory negligence was so against the weight of the evidence as to make it clearly and convincingly appear that the verdict was the result of mistake, partiality, prejudice or passion.
Plaintiff assigns as error (1) the court's ruling on his motion for a new trial, (2) the court's denial of his motion to exclude contributory negligence as an issue, and (3) the inclusion in the charge of the "sudden emergency" rule.
In passing upon plaintiff's challenge to the court's denial of his motion for a new trial, we are mindful that our appellate power is sharply circumscribed and we may not disturb the order appealed from unless, having due regard to the better opportunity of the trial judge to observe the witnesses and judge credibility, Hartpence v. Grouleff, 15 N.J. 545, 549 (1954), it clearly and convincingly appears that there has been a manifest denial of justice under the law. Kulbacki v. Sobchinsky, 38 N.J. 435, 452 (1962). If reasonable minds might accept the evidence as adequate to support the jury's findings, we may not disturb the action of the trial court. However, where it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion, it cannot serve to support the judgment, Hager v. Weber, 7 N.J. 201, 210 (1951), and it becomes our duty to act. Cf. Fisch v. Manger, 24 N.J. 66, 80 (1957).
As noted, in response to the court's direction, the jury found specially that defendant was free of negligence, and that plaintiff was guilty of contributory negligence. In his opinion denying the motion for a new trial the trial judge made no finding as to whether the jury's verdict on the issue of defendant's negligence was contrary to the weight of the evidence but premised denial of the motion on his conclusion that there was evidence to support the finding that plaintiff was guilty of contributory negligence.
In the absence of any finding by the trial judge on the issue of defendant's negligence, we have reviewed the transcript in its entirety and find it to be devoid of facts *100 which reasonable minds might accept as an adequate basis for the jury's finding that defendant was free of negligence. Kulbacki v. Sobchinsky, supra, at p. 452. Notwithstanding the fact that it was raining and the roadway was (to use his own words) "very slippery," he had been, for reasons not explained, operating his car on a busy highway at the height of the rush hour in the fast lane at a speed which approached the maximum permitted. When he came upon the unidentified tractor-trailer it was blocking his view of the slow lane ahead. When it pulled into the left lane when it was 60-70 feet ahead of him, he, after braking, swerved to the right into the slow lane, only to be confronted with plaintiff's tractor. That his vision was obstructed both before and as he pulled into the slow lane is conceded in his own testimony, particularly that part in which he said, "My vision was blurred  was obstructed, * * * and until the trailer completely passed me, cleared me I couldn't see the  till the trailer  until the box trailer completely cleared my vision I didn't see the plaintiff's tractor."
The driver of an automobile is not entitled to operate his vehicle upon a public street blindfolded. Hammond v. Morrison, 90 N.J.L. 15, 16 (Sup. Ct. 1917). The exercise of reasonable care requires that when his vision is obstructed he immediately take action to restore it and in the meantime, stop or slow down if that is required. He may not proceed ahead on the assumption that the road will clear. Levine v. Scaglione, 95 N.J. Super. 338, 341 (App. Div. 1967). See also Robinson v. Mutnick, 102 N.J.L. 22, 25 (Sup. Ct. 1925); Osbun v. De Young, 99 N.J.L. 204, 208 (E. & A. 1923); Anderson v. Public Service Corporation, 81 N.J.L. 700, 705 (E. & A. 1911). Here the obstruction to defendant's vision was not, as in the majority of cases, a sudden impairment of vision caused by the sun or by oncoming headlights but the presence of a large box trailer  a condition he had observed when 200 feet away  which blocked his view of traffic ahead in the slow lane. By reason of it, he was not in a position to ascertain, before moving into *101 the slow lane, that the movement could be made with safety, as required by N.J.S.A. 39:4-88(b) and N.J.S.A. 39:4-126.
The defendant urges that he was confronted with a sudden emergency which afforded an excuse for his failure to exercise greater care and caution at the time. Not so. On the issue of the existence of an "emergency" the record reveals no more than that the unidentified tractor-trailer was driven into the left lane, apparently for the purpose of making a left turn. Such a movement posed no more than an ordinary everyday traffic condition with which he should have been prepared to cope.
Defendant's characterization of the movement of the tractor-trailer as a "sudden swerve" added nothing to the picture. So far as appears from the record it pulled into the fast lane safely and continued on. Defendant made no attempt to describe the swerve in terms of being too wide or too sharp. He made no mention of any kind of "swerve" to the investigating police officer at the scene and there is no reference in the police report (which was received in evidence) to any claim by him that the driver of the tractor-trailer had been guilty of any violation in pulling into the left lane.
If by the use of the adjective "sudden" defendant meant fast or rapid, it was conceded by him that the speed of the tractor-trailer was less than his own. If by it he meant "without warning," this contention is belied both by the testimony of the investigating officer, and by the police report's rendition of what he told the officer at the scene. The officer testified that upon inquiry as to what had happened defendant told him that an unidentified tractor and trailer "put his directional signals on and crossed over into the inside lane." The narrative in the police report recited that "an unidentified tractor, and trailer with left directional signals on changed from the outside to inside lane." (Emphasis added.) It further recited, "Driver No. 1 [defendant], said the accident happened while he was in the process of changing lanes because he thought the unidentified tractor *102 and trailer was going to make a left turn off of Rt. No. 1 & 9. Upon seeing vehicle No. 2 [plaintiff], he applied his brakes and skid [sic] into the rear of vehicle No. 2." At the trial, defendant did not deny making the statements referred to but confined himself to saying that he could not recollect seeing the directional lights flashing.
Wholly aside, the alleged negligence of the driver of the tractor-trailer bore no relationship to the manner in which defendant had been driving before the former started to move into his lane. Defendant's admitted familiarity with Tonnele Avenue should have impelled him to be on the lookout for such traffic movements ahead of him. He had just passed the ramp leading from the Lincoln Tunnel and was approaching 29th Street, beyond which was the Route 3 traffic circle. All of these presented the prospect of traffic movements which could affect his driving, and required him to be on the alert for signals and the movements of vehicles ahead of him. The lessened visibility due to the rain, and the slippery condition of the roadway required commensurate care. If, as argued, he was finally confronted with the alternative of striking the tractor-trailer or pulling into the slow lane at the risk of striking plaintiff, it was not because of any emergency  at least not one which his negligence did not help to create. Courtney v. Garden State Lines, 120 N.J.L. 294, 296-97 (E. & A. 1938); Bailey v. Branin, 279 F.2d 344, 347-348 (3d Cir. 1960). Our consideration of the foregoing facts, particularly the testimony of the police officer (who was to all appearances disinterested) and the police report, satisfies us that they could not afford a reasonable basis for the jury's finding that defendant was free of negligence or that his negligence was not a substantial factor in bringing about the collision which followed.
Plaintiff, while conceding that the law of sudden emergency was correctly set forth in the instruction, argues that it should not have been charged at all. We agree. As noted above, the facts testified to by defendant did not establish the existence of such an emergency as was a prerequisite *103 to the instruction. Further, we entertain grave doubt whether a sudden emergency charge should ever be given in an ordinary automobile accident case. There is a modern view that it is argumentative, unnecessary and confusing, and should be eliminated. See Comment, Illinois Pattern Jury Instructions, Civil § 12.02, p. 80 (1961) and cases cited therein. In Prosser, Torts (3d ed. 1964) § 33, pp. 172-73, he cautions that:
"The `emergency doctrine' is applied only where the situation which arises is sudden and unexpected, and such as to deprive the actor of reasonable opportunity for deliberation and considered decision."
And further:
"A further qualification which must be made is that some `emergencies' must be anticipated, and the actor must be prepared to meet them when he engages in an activity in which they are likely to arise. Thus under present day traffic conditions, any driver of an automobile must be prepared for the sudden appearance of obstacles in the street, or of other vehicles at intersections, just as one who sees a child on the curb may be required to anticipate its sudden dash into the street, and his failure to act properly when they appear may be found to amount to negligence."
Here, under the proofs, defendant was faced with no more than an everyday traffic problem for which he should have been prepared. The ordinary rules of negligence were applicable and afforded a sufficient gauge by which to appraise his conduct. Massotto v. Public Service Coord. Transport, 71 N.J. Super. 39, 49-51 (App. Div. 1961). The giving of the additional charge tended to be argumentative in its effect and served to unduly emphasize one phase of the proofs. We are satisfied that it played a significant part in the jury's finding of no negligence, and in the denial of justice which resulted. Cf. Levine v. Scaglione, supra, pp. 340-42.
We hold, contrary to plaintiff's contention, that the evidence bearing on his alleged contributory negligence, though scant, was sufficient to justify the trial court's submission of that issue to the jury. Jacobsen v. Hala, 255 Iowa *104 918, 125 N.W.2d 500 (Sup. Ct. 1963); Markiewicz v. Greyhound Corporation, 358 F.2d 26 (7 Cir. 1966), certiorari denied Contract Carriers, Inc. v. Markiewicz, 385 U.S. 828, 87 S.Ct. 64, 17 L.Ed.2d 65 (1966). It remains to be determined whether we should not, as did the trial judge, sustain the verdict on the basis that the jury's finding of contributory negligence could be reasonably supported by the proofs. We are satisfied that the issue of defendant's negligence and plaintiff's contributory negligence were so closely related and intertwined that we can not say that the mistake, partiailty, prejudice or passion, which prompted the jury's finding of no negligence did not play a part in its finding that plaintiff was contributorily negligent. R.R. 4:61-1(a). Cf. Ferry v. Settle, 6 N.J. 262, 265-66 (1951); Kress v. City of Newark, 8 N.J. 562, 576 (1952); Greenberg v. Stanley, 30 N.J. 485, 504-08 (1959). There should therefore be a new trial as to both issues. We find it unnecessary to pass upon plaintiff's contention that, in the alleged absence of any causal relation between the collision and his alleged slow speed, the jury's finding of contributory negligence should have been set aside as a manifest denial of justice.
Reversed and remanded for a new trial as to all issues.
CONFORD, S.J.A.D., (dissenting).
I agree with the court's conclusion that the evidence permitted a jury finding of contributory negligence by the plaintiff. The trial judge's opinion thoroughly documents the view that excessive slowness on a highway can constitute negligence. I disagree with the conclusion that the jury could not reasonably have found the defendant free from negligence and that its decision to that effect necessarily imports mistake, bias, etc., which fatally taints its special verdict that plaintiff was contributorily negligent.
Defendant testified that at a time when he was overtaking the tractor-trailer at 35-40 miles per hour and 60-70 feet behind it, that vehicle "swerved suddenly to the left" in front of him. Thereupon he "immediately applied the brakes, although not suddenly, because of the slippery condition of *105 the road." This slowed his forward movement somewhat. On cross-examination he testified that although he slowed, he gained on the tractor-trailer, reaching a point 10-15 feet behind it, and then, not being willing to hazard a left turn into oncoming traffic, he took the "natural route of escape"  i.e., a turn into the right lane. He saw nothing in that lane because his view thereof was blocked by the tractor-trailer.
It may well be that the considerations mentioned in the majority opinion are strongly persuasive of the defendant's negligence. But I do not deem defendant's attempted testimonial justification of his actions as so worthless that the acceptance thereof by the jury should impel a decision that its appraisal of plaintiff's slow-driving as negligence proximately causative of the accident was necessarily the product of mistake or bias in favor of defendant. In that regard I would think the course of wisdom, as well as precedent, in these circumstances, would be to respect the trial judge's estimate of the situation as reflected by his disposition of the motion for a new trial.
I do not regard the charge on the emergency doctrine to have constituted error, or if error, to have been prejudicial, in the light of all the proofs.
I would affirm the denial of the motion for a new trial and the judgment for defendant.