We do not retain jurisdiction.

SALVATORE S. PAGANO AND DOROTHY A. PAGANO, PLAINTIFFS-APPELLANTS, v. AARON J. McCLAMMY, JR., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 2, 1978—Decided May 15, 1978.

Before Judges HALPERN, LARNER and KING.

*Mr. Robert W. Gluck* argued the cause for appellants (*Messrs. Gluck* and *Kelso,* attorneys).

*Mr. Donald V. Sutton* argued the cause for respondent (*Messrs. Hansen, Pantages, Sellar & Zavesky,* attorneys).

PER CURIAM. The dispositive issue presented is whether the trial judge erred in denying plaintiffs' motion for a directed verdict on liability at the close of all the proofs. Because we find the trial judge erred in not directing a verdict for plaintiffs, we will not discuss or pass upon other issues raised.

This appeal results from the second jury trial on liability in this auto negligence case. The first trial ended in a verdict of no cause for action in favor of defendant. The verdict was set aside and a new trial granted by the trial judge in the "interest of justice." At the second trial, now on appeal before us, in which the trial judge properly removed the issue of plaintiffs' contributory negligence from the jury's consideration, the jury again absolved defendant of any responsibility. Thereafter, the trial judge denied plaintiffs' motion for a new trial.

Briefly, the pertinent facts are these: Plaintiff Salvatore Pagano testified that during the early afternoon of September 5, 1973, on a clear dry day, he was travelling south on U. S. Highway 1, in the extreme right lane, at about 40 miles an hour. The highway at this point consisted of three southerly lanes separated from three northerly bound lanes by a concrete divider. Suddenly, and without warning, he was hit in the rear by defendant's car and rendered unconscious. He knew nothing of what transpired thereafter until he awoke in a hospital. The photos admitted into

evidence clearly reveal that the left rear end of plaintiff's car had sustained a heavy impact, as well as lesser damage to its left side. The inescapable conclusion is that the damage resulted from the impact between the cars despite defense counsel's specious contention at oral argument that there was no definitive proof as to how plaintiff's car was damaged.

Defendants version of the accident follows: He testified that plaintiff was going south on U. S. 1 in the center lane at about 40 miles an hour. He was directly behind plaintiff in the center lane and distant from him by "about 15 or 20 feet." He speeded up to about 45 or 50 miles an hour to pass plaintiff. While passing plaintiff, something blew into his left eye, and this resulted in his closing both eyes and causing him to strike "the rear end of his [plaintiff's] car on the left side." At one point he testified that the accident occurred "in the center lane." Unquestionably, the left rear of plaintiff's car sustained a severe impact as portrayed by the photos in evidence. Defendant offered no explanation of why he ran into the rear of plaintiff's car other than something blew into his eye. Nor does he offer any explanation as to how he could possibly have struck the left rear of plaintiff's car if he was driving in the extreme left lane. There is not the slightest indication in the record that plaintiff did anything other than drive in one lane of traffic, whether it was in the far right lane or the center lane. No other testimony was produced to indicate how or why the accident took place.

In ruling upon a motion for a directed verdict the test to be applied is whether the evidence, together with the legitimate inferences inferable therefrom, could sustain a judgment in favor of the party opposing the motion. If, accepting as true all the evidence which supports the position of the party defending against the motion, and giving him all the reasonable and legitimate inferences deducible therefrom, reasonable minds can reach no other conclusion but that the defending party was guilty of negligence which

was the proximate cause of the accident, then the motion must be granted. *Dolson v. Anastasia,* 55 *N. J.* 2, 5 (1969); *R.* 4:40–1; *R.* 4:37–2(b).

Applying the *Dolson* test to the relatively undisputed facts in this case, we are satisfied that reasonable minds could reach no other result but that this accident was caused by the sole negligence of defendant. His defense that something blew into his eye, resulting in his closing both eyes, borders on being frivolous. His testimony was incompatible with the jury's finding that he was not negligent. See *Levine v. Scaglione,* 95 *N. J. Super.* 338, 341 (App. Div. 1967). He was under the legal duty of exercising reasonable care for the safety of others on this superhighway, and to have his car under such control so as to prevent that which did occur and not to drive blindly to the detriment of others lawfully upon the highway. See *Hammond v. Morrison,* 90 *N. J. L.* 15, 16 (Sup. Ct. 1917); *Hodgson v. Pohl,* 16 *N. J. Super.* 87 (App. Div. 1951), aff'd 9 *N. J.* 488 (1952). By his own testimony he was travelling at least 40 miles an hour and distant only 15 or 20 feet behind plaintiff when he decided to pass him. No reasonable man can say, having due regard to the speed of the respective vehicles on this superhighway, that defendant had proper control of his car. The short of it is that he "tailgated", plaintiff's car in violation of *N. J. S. A.* 39:4–89. Such driving is negligence, and the issue should not have been submitted to the jury. See *Dolson v. Anastasia, supra,* 55 *N. J.* at 10–11; Annotation, "Driver's Failure to Maintain Proper Distance from Motor Vehicle Ahead," 85 *A.L.R.* 2d 613 (1962). Whether plaintiff was in the extreme right lane when struck in the rear as he contends, or whether he was in the center lane when struck as defendant contends, does not change the result we reach, namely, that defendant was guilty of negligence as a matter of law. The motion for judgment on liability in plaintiffs' favor should have been granted.

Accordingly, the judgment below is reversed and the matter remanded for entry of judgment on the issue of liability in favor of plaintiffs.