229 N.J. Super. 276 (1988)
551 A.2d 201
MARIA PAIVA AND FERNANDO PAIVA, PLAINTIFFS-APPELLANTS,
v.
MICHAEL PFEIFFER AND DANCHEM INC., T/A COLONIAL CHEMICALS AND KENNETH A. RAYMOND, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 25, 1988.
Decided December 16, 1988.
*278 Before Judges MICHELS, MUIR and KEEFE.
Waters, McPherson, McNeill, Fitzpatrick, attorneys for appellants (Joseph G. Ragno, on the brief).
Frederick W. Stevens, attorney for respondents (Norman K. Zeiner, on the brief).
KEEFE, J.S.C. temporarily assigned.
The issues to be decided on this appeal are: 1) whether the trial court erred in failing to instruct the jury, pursuant to Dolson v. Anastasia, 55 N.J. 2 (1969), that a violation of N.J.S.A. 39:4-89 is negligence as a matter of law under the facts of this case; and 2) whether instructing the jury on the sudden emergency doctrine constituted plain error.
Maria and Fernando Paiva, appeal from an order of the trial court denying their motion for a new trial.[1] Plaintiff was operating her motor vehicle in the inside, southbound lane of the New Jersey Turnpike on January 3, 1984 when she was struck in the rear by a tractor-trailer operated by defendant Michael Pfeiffer, an employee of defendant Danchem Inc., trading as Colonial Chemicals. Just prior to the accident plaintiff was operating her vehicle at the speed limit and following a vehicle at a distance of approximately 45 feet when she observed the brake lights of that vehicle go on. Simultaneously, *279 she observed smoke being produced by the braking action of a car carrier to her immediate right in the center lane. Pfeiffer was at the same time operating a tanker truck in the center lane of travel behind the car carrier. He testified that he was approximately 50 feet behind the car carrier when he observed smoke emanating from that vehicle's tires as it braked heavily. Pfeiffer applied his own brakes and said that he observed plaintiff's vehicle to his left and another truck to his right as he was doing so. Rather than strike the car carrier in the rear, Pfeiffer chose to enter the left lane where he struck plaintiff's vehicle instead. Plaintiff was in the process of slowing down but had not stopped by the time she was struck in the rear by Pfeiffer's vehicle.
Defendant, Kenneth Raymond was operating a pick-up truck in the southbound lanes of the Turnpike, apparently some distance ahead of plaintiff and Pfeiffer, when he was notified by a passing motorist that his spare tire, which had been previously affixed to the underside of his truck, had come loose and fell upon the roadway. Raymond testified that he backed his vehicle up along the shoulder of the road to the point where an accident had just taken place. Neither plaintiff nor Pfeiffer saw the Raymond vehicle prior to the accident or saw the errant spare tire. There was no testimony from the operator of the car carrier or the vehicle ahead of plaintiff. However, a legitimate inference can be drawn from these undisputed facts, that the car carrier and the vehicle ahead of plaintiff had applied their brakes in response to the spare tire coming free from Raymond's vehicle.
Plaintiff was injured as a result of the collision and brought suit against Pfeiffer, his employer, and Raymond. At the end of the proofs, the court sua sponte found that plaintiff was not negligent and struck the defense of comparative negligence raised by both defendants. That order is not under appeal.
Counsel for plaintiff and Raymond submitted a request that the jury be instructed in accordance with the principles established *280 in Dolson v. Anastasia. The court denied that request, charging instead that Pfeiffer's violation of N.J.S.A. 39:4-89, if so found, was merely evidence of negligence. Counsel for Pfeiffer requested that the court instruct the jury as to the sudden emergency doctrine. Counsel for plaintiff and Raymond objected only in that the request submitted by Pfeiffer's attorney was incomplete. The trial judge accommodated all counsel and instructed the jury accordingly.
The jury returned a unanimous verdict of no cause for action, finding no negligence on the part of either defendant. Plaintiff filed a motion for a new trial as to defendant Pfeiffer only. The court denied the motion and this appeal followed.
It is well settled law in this State that the motor vehicle statutes establish standards of conduct for motorists on our highways, and, under usual circumstances, the violation of motor vehicles statutes is evidence of negligence. However, where a motor vehicle statute codifies the common law standard, the violation of the statute is not evidence of negligence, it is negligence. Dolson v. Anastasia, 55 N.J. at 10. N.J.S.A. 39:4-89 reads as follows:
The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway.
The driver of a motor truck when traveling upon a highway, outside of a business or residence district, shall not follow another motor truck within one hundred feet, but this shall not be construed to prevent one motor truck overtaking and passing another.
Since the first paragraph of the statute is simply a codification of the common law, we see no reason why it should be referred to in any case. All the jury need be told is that the driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of the highway and that a breach of that duty is negligence. The Dolson case does not require otherwise. In Dolson the Supreme Court referred to the statute only because the trial judge apparently had instructed the jury that a violation of the *281 statute was evidence of negligence rather than negligence itself.
However, paragraph two of the statute is clearly implicated by the facts of this case and is not a codification of the common law. Rather, it establishes a distinct statutory standard of care. That section of the statute should had been read to the jury and the jury should have been told that defendant Pfeiffer's admission that he was operating his truck within one hundred feet of the preceding truck was a violation of the statute, and evidence of the breach of the more general standard previously discussed.
The trial judge here refused to charge the principles of Dolson because he felt the facts were distinguishable. We disagree. Defendant Pfeiffer testified that had he not changed lanes, he would have struck the car carrier ahead of him. We fail to see how that slight differentiation in facts destroys the principle of Dolson. The court in Dolson said:
It is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the preceding vehicle and the traffic upon and condition of the highway. (citation omitted). Failure to do so resulting in a collision, is negligence and a jury should be so instructed. Id. at 10.
It seems clear to us that when a vehicle, because it is following too closely, is forced to leave its lane of travel and collides with another vehicle, rather than the vehicle it is following, its driver has breached the duty regardless of who is struck. In Pagano v. McClammy, 159 N.J. Super. 581 (App.Div. 1978), we applied the Dolson principle to a situation in which the defendant was passing the plaintiff's vehicle when defendant contended that something blew into his eye and obstructed his vision because defendant admitted that he was travelling at least 40 miles per hour at a distance of only 15 or 20 feet behind plaintiff when he decided to pass him. We said "no reasonable man can say, having due regard to the speed of the respective vehicles on this superhighway, that defendant had proper control of his car. The short of it is that he `tailgated', plaintiff's car in violation *282 of N.J.S.A. 39:4-89." Id. at 585. It is beyond dispute that had Pfeiffer rear-ended the car carrier he was following the Dolson charge would have been totally appropriate. The policy and logic of Dolson compels us to conclude that where a motorist takes evasive action to avoid an accident, which would have supported a Dolson charge had it occurred, and in doing so rear-ends another vehicle, the Dolson principles should be charged.
The trial judge's failure to charge the Dolson principles in conjunction with defendant Pfeiffer's admitted violation of the second paragraph of N.J.S.A. 39:4-89 had the clear capacity to produce an unjust result. R. 2:10-2. While that error alone justifies reversal of the order denying plaintiff's motion for a new trial, we find it necessary to address the issue concerning the sudden emergency doctrine since, undoubtedly, that issue will be presented to the trial court on remand.
Plaintiff argues for the first time on appeal that the trial judge erred in charging the sudden emergency doctrine. Normally, if the alleged error has not been brought to the trial court's attention, the appellate court will not reverse on that ground unless the appellant shows plain error, i.e., error "capable of producing an unjust result." R. 2:10-2. We believe the use of the charge under the facts of this case had that capacity. While not precisely on all fours with the facts of this case, our reasoning in Finley v. Wiley, 103 N.J. Super. 95 (App.Div. 1968), applies equally well here.
In Finley, the defendant was traveling in the left lane of the highway at the speed limit. He testified that the tractor trailer which was traveling in the right lane swerved into the left lane ahead of him. Defendant slowed his car but closed the distance on the truck to 10 to 15 feet. At that point defendant swung into the right lane whereupon he observed the plaintiff's vehicle moving slowly approximately 50 feet ahead of him. Defendant applied his brakes but struck plaintiff in the rear. Defendant admitted that his vision of both lanes ahead of him was obstructed *283 both before and as he pulled into the slow lane. We held that the sudden emergency doctrine should not have been charged at all because, under the proofs of that case, "defendant was faced with no more than an everyday traffic problem for which he should have been prepared." Id. at 103. We also said "[i]f, as argued, he was finally confronted with the alternative of striking the tractor-trailer or pulling into the slow lane at the risk of striking plaintiff, it was not because of any emergency  at least not one which his negligence did not help to create." Id. at 102. We quoted approvingly from Prosser, Torts (3d ed. 1964) § 33:
Thus under present day traffic conditions, any driver of an automobile must be prepared for the sudden appearance of obstacles in the street, or of other vehicles at intersections, just as one who sees a child on the curb may be required to anticipate its sudden dash into the street, and his failure to act properly when they appear may be found to amount to negligence. (emphasis added). Id. at 103.
The similarity between the two cases is obvious. Here Pfeiffer also changed lanes in order to avoid striking the vehicle ahead of him. In doing so, he struck the rear of the blameless plaintiff. The only dissimilarity between the two cases is Pfeiffer's claim that the car carrier he was following suddenly applied its brakes, inferentially to avoid striking or being struck by the errant spare tire which had fallen from Raymond's vehicle. Assuming the inference to be a legitimate one, the event was not one to be unanticipated. Pfeiffer was simply presented with the hard application of brakes by the vehicle preceding him. While the application of brakes may have been sudden, we cannot say it should have been unexpected. This is a common traffic situation on a congested roadway such as the New Jersey Turnpike. N.J.S.A. 39:4-89, insofar as it requires motorists to maintain safe following distances, is founded upon the foreseeability of such braking situations. Whether the duty to follow at a safe distance is observed or breached is for the jury to decide based upon all the circumstances of the case. We believe under the circumstances of this type of case that the "charge tended to be argumentative in its effect and served *284 to unduly emphasize one phase of the proofs." Finley, 103 N.J. Super. at 103; see also Cataldi v. Sal Finnocchiaro Motor Freight, 221 F. Supp. 921 (E.D.Pa. 1963).
Defendant Pfeiffer did not cross appeal from the judgment entered in favor of defendant Raymond. Therefore, we reverse and remand for trial on the issue of liability only as to defendants Pfeiffer and Danchem Inc., t/a Colonial Chemicals.
NOTES
[1] All references to Paiva or plaintiff throughout this opinion shall refer to Maria Paiva who was the operator of the vehicle. Issues raised on appeal concern only liability matters.