**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1568-17T3

MARIE GUERRIER,

     Plaintiff-Appellant,

v.

PABLO LLIGUICHUZHCA
and JLB GENERAL
CONTRACTORS, LLC,

     Defendants,

and

NAOMI ROSENFELD,

     Defendant-Respondent.

_____

Argued November 27, 2018 – Decided March 29, 2019

Before Judges Rothstadt, Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2644-13.

K. Raja Bhattacharya argued the cause for appellant (Bendit Weinstock, PA, attorneys; K. Raja Bhattacharya and Kay A. Gonzalez, on the briefs).

Richard J. Mirra argued the cause for respondent (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Richard J. Mirra and Kathleen Huntley-Robertson, of counsel and on the brief).

PER CURIAM

In this personal injury action, plaintiff Marie Guerrier appeals from the Law Division's judgment dismissing her complaint against defendant the late Naomi Rosenfeld, which it entered after a jury returned a verdict of "no cause." On appeal, plaintiff argues that the trial court erred by (1) failing to charge the jury in accordance with Dolson v. Anastasia, 55 N.J. 2 (1969); (2) allowing a treating psychologist to testify as to her interpretation of a magnetic resonance image (MRI); and (3) incorrectly charging the jury as to the effect of settling defendants on the verdict. We reverse and remand for a new trial because the trial court failed to include a Dolson charge in its instructions to the jury.

Plaintiff's complaint arose from a July 2011 auto accident in which a landscaping truck driven by defendant Pablo Lliguichuzhca and owned by defendant JLB General Contractors, LLC (JLB) made a right-hand turn from the left lane in front of plaintiff's vehicle, causing her to stop suddenly, at which point Rosenfeld, who was behind plaintiff, rear-ended plaintiff's vehicle. Plaintiff alleged that she sustained significant injuries in that accident.

After plaintiff filed suit in this action, on April 2, 2014, she was involved in a second crash, this time as a passenger. After she filed suit for damages arising out of that accident, the trial court consolidated her lawsuits and plaintiff ultimately settled with Lliguichuzhca, JLB, and all defendants involved in the second accident. The only claim that was tried was plaintiff's action against Rosenfeld. Although Rosenfeld participated in pretrial discovery, including attending a deposition, by the time the case was tried, Rosenfeld had passed away due to health issues unrelated to the accident.

On September 28, 2017, plaintiff filed motions in limine seeking among other relief (1) a jury charge that Rosenfeld was negligent; (2) the barring of evidence about plaintiff's settlement with other defendants; and (3) the exclusion of the settling defendants on the verdict sheet. In asking for a jury charge that Rosenfeld was negligent, plaintiff argued that when a case involves a rear-end collision, the jury must be charged in accordance with Dolson. According to plaintiff, there was no question that based on Rosenfeld's deposition testimony, she was traveling too fast at a distance of twenty feet behind plaintiff, which was too close under the requirements of the New Jersey Driver Manual. Counsel for Rosenfeld argued that the unique circumstances of the collision negated the Dolson requirement.

A-1568-17T3

On October 11, 2017, relying on our holding in <u>Seoung Ouk Cho v. Trinitas Regional Medical Center</u>, 443 N.J. Super. 461 (App. Div. 2015), the trial court denied plaintiff's motion for a <u>Dolson</u> charge, finding that "the granting of plaintiff's motion would have the effect of negating the defendant's entire defense as to liability, thus it would be dispositive in nature." The court reasoned that because "granting a motion [would] result in . . . the suppression of the defendant's defenses, the motion is subject to [<u>Rule</u> 4:46], which governs . . . summary judgment motions" and untimely summary judgment motions could not be made in limine.

In her trial testimony, plaintiff described the 2011 accident and explained how JLB's truck made a right turn from the left lane, causing her to suddenly apply her brakes, which, in turn, caused Rosenfeld's vehicle to collide with the rear end of plaintiff's vehicle. Plaintiff testified that she blacked out upon impact, experienced dizziness, fell, and was disoriented immediately afterward. She described the injuries she sustained to her neck, head, and back, her memory loss, agitation, headaches, and problems focusing, and her medical treatment from the day after the accident through the years that followed. In addition to her testimony, plaintiff produced other fact witnesses and expert opinion

evidence about the physical and cognitive injuries she suffered as a result of the accident.

Rosenfeld's deposition testimony was also introduced into evidence and read to the jury. According to Rosenfeld's testimony, the rear-end collision was minor, causing no damage to Rosenfeld's car. Rosenfeld estimated that both she and plaintiff were traveling at forty-five miles per hour, and that she was approximately twenty feet behind plaintiff prior to impact. Rosenfeld also recounted having a conversation with plaintiff immediately after the crash during which plaintiff remained conscious, did not fall, and asserted that she was uninjured.

Also, plaintiff introduced into evidence an excerpt from the New Jersey Driver Manual. The portion that was admitted described a safe distance between vehicles traveling at a speed similar to that at which Rosenfeld was estimated to have been traveling prior to the impact.

After the presentation of the evidence, the trial court conducted a charge conference. At that time, plaintiff renewed her request for a Dolson charge. The trial court relied upon its earlier in limine decision and denied the request. It stated the following:

> [A]s the Court has previously ruled, Dolson will not be charged. This Court will not take from the hands of the

5

jury findings that they should be making at the conclusion of all of the evidence whether in fact there is liability. And the Dolson charge is equivalent to a directed verdict that you must find that the Defendant Rosenfeld . . . was liable.

And they may believe that she was [at a] sufficient distance based upon what a reasonably prudent person would have done, given her . . . circumstances. They may find she was not. But to remove that from their hands is inappropriate.

During the trial court's charge to the jury, it first gave a general explanation of negligence, then read several relevant motor vehicle and traffic laws, including N.J.S.A. 39:4-89, which states in pertinent part that "[t]he driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." The court then instructed:

The statutes in question have set up a standard of conduct for the users of our streets and our highways. If you find that a defendant has violated—or any party, Plaintiff has violated the standard of conduct, such [a] violation is evidence to be considered by you in determining whether negligence, as I have defined that term for you, has been established. You may find that such violation constituted negligence on the part of the defendant, or you may find that it did not constitute such negligence. Your finding on this issue may be based on such violation alone, but in the event that there is other or additional evidence bearing upon that issue, you will consider such violation together with all . . .

6

A-1568-17T3

such additional evidence in arriving at your ultimate decision as to defendant's negligence.

[(Emphasis added).]

After deliberation, the jury returned a verdict finding that Rosenfeld was not negligent and that Lliguichuzhca was one hundred percent responsible for the accident. On November 6, 2017, the court entered a judgment dismissing plaintiff's complaint with prejudice. This appeal followed.

On appeal, plaintiff contends that the trial court misapplied our holding in Cho, which is applicable to summary judgment motions filed in limine, to a legitimate request for a jury charge that was applicable to the facts developed at trial. We agree.

We begin our review by acknowledging "not every improper jury charge warrants reversal and a new trial." Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 257 (2015). Where a litigant contests a jury instruction at trial, on appeal, we review challenges to jury charges for harmless error. Estate of Kotsovska v. Liebman, 221 N.J. 568, 592 (2015). That is, we will "reverse on the basis of [a] challenged error unless the error is harmless." Ibid. (quoting Toto v. Ensuar, 196 N.J. 134, 144 (2008)). An error is harmful when it is "clearly capable of producing an unjust result." Ibid. (quoting R. 2:10-2). In

reviewing such challenges, we "examine the charge as a whole, rather than focus on individual errors in isolation." Ibid. (quoting Toto, 196 N.J. at 141).

The importance of correct jury instructions cannot be understated. "A jury is entitled to an explanation of the applicable legal principles and how they are to be applied in light of the parties' contentions and the evidence produced in the case." Prioleau, 223 N.J. at 256 (quoting Viscik v. Fowler Equip. Co., 173 N.J. 1, 18 (2002)). When charging the jury, a court must "set forth in clearly understandable language the law that applies to the issues in the case." Little v. Kia Motor Am., Inc., 455 N.J. Super. 411, 436-37 (App. Div. 2018) (quoting Toto, 196 N.J. at 144); see also Kotsovska, 221 N.J. at 591. A jury charge is the "road map that explains the applicable legal principles, outlines the jury's function, and spells out 'how the jury should apply the legal principles charged to the facts of the case.'" Little, 455 N.J. Super. at 437 (quoting Toto, 196 N.J. at 144). To create such a roadmap, the court should tailor the jury charge to the facts of the case. Kotsovska, 221 N.J. at 592. Although it is axiomatic that accurate and understandable jury instructions are essential to a fair trial, see Velazquez v. Portadin, 163 N.J. 677, 688 (2000), "a party is not entitled to have the jury charged in the words of his own choosing." Kaplan v. Haines, 96 N.J.

Super. 242, 251 (App. Div. 1967), aff'd, 51 N.J. 404 (1968), overruled on other grounds by, Largey v. Rothman, 110 N.J. 204 (1988).

By requesting a Dolson charge here, plaintiff correctly sought to have the jury instructed that if it found Rosenfeld violated N.J.S.A. 39:4-89, she was negligent. In Dolson, the Supreme Court acknowledged that because N.J.S.A. 39:4-89 incorporated the common law standard of care with regard to following distance, a violation of that statute establishes negligence. Dolson, 55 N.J. at 10-11. In Torres v. Pabon, 225 N.J. 167, 187-88 (2016), the Court addressed a case where a plaintiff's vehicle struck a defendant's from behind. In its opinion, the Court discussed the relationship between its holding in Dolson and the obligation of a trial court to charge its holding in the appropriate circumstances. The Court reviewed the language of N.J.S.A. 39:4-89 and observed that as stated in Dolson, the statute "'merely incorporates the common law standard into the motor vehicle law to authorize penal sanctions for a violation[,]' and that a driver's conduct contravening that standard 'is negligence and a jury should be so instructed.'" Id. at 187 (alteration in original). It concluded that "because N.J.S.A. 39:4-89 imposes a statutory duty of care on a driver following behind another driver, a finding that the driver violated the duty obviates the need for further proof of negligence." Ibid. (emphasis added).

The Court then quoted the appropriate Model Jury Charge. It stated:

> The statutory standard, and the common-law principle that it codifies, are incorporated in <u>Model Jury Charge (Civil)</u>, § 5.30D(2) "Violation of Traffic Act" (August 1999):
>
>> In this case, plaintiff argues that defendant was negligent because defendant violated a provision of the motor vehicle laws. The provision referred to, N.J.S.A. 39:4-89, is as follows: The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway.
>
> [<u>Id.</u> at 188.]

The charge described by the Court in <u>Torres</u>, as compared to the one delivered by the trial court here, was consistent with the instruction to judges that accompanied the Model Jury Charges. Those instructions stated:

> In some cases, however, an issue may be presented for the jury as to whether a violation occurred or whether an adequate explanation is to be found in the evidence. In such a case where the particular statute violated <u>requires a conclusion of negligence</u> the jury should be instructed as follows:
>
>> In this case, plaintiff argues that defendant was negligent because defendant violated a provision of the motor vehicle laws. The provision referred to, N.J.S.A. 39:4-89, is as follows:

10

> The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway.
>
> [Model Jury Charges (Civil), 5.30D, "Violation of Traffic Act" (approved Aug. 1999) (emphasis added).]

In rear-end cases where there is an allegation that a driver violated N.J.S.A. 39:4-89 that is supported by evidence that the defendant was traveling too closely behind another vehicle, the jury must be charged that the defendant is negligent if the jury finds that the defendant followed "more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." However, the statute and the related charge are "not intended to apply indiscriminately to any case in which the front of one vehicle comes into contact with the rear of another, irrespective of how the collision occurred." La Mandri v. Carr, 148 N.J. Super. 566, 571 (App. Div. 1977) (declining to apply Dolson where the vehicles were traveling in different lanes of traffic prior to impact).

A Dolson charge has been found appropriate in situations similar to the instant case. It was applied where a vehicle was forced to stop due to a sudden obstruction in the road and that vehicle was subsequently rear-ended by a

11

closely-following vehicle. See Paiva v. Pfeiffer, 229 N.J. Super. 276, 282 (App. Div. 1988) ("The policy and logic of Dolson compels us to conclude that where a motorist takes evasive action to avoid an accident, which would have supported a Dolson charge had it occurred, and in doing so rear-ends another vehicle, the Dolson principles should be charged"). Dolson has also been applied where a vehicle was traveling forty miles per hour at a distance of fifteen to twenty feet behind another vehicle, a speed and distance almost identical to the speed and distance in this case. See Pagano v. McClammy, 159 N.J. Super. 581, 585 (App. Div. 1978) (reversing the denial of plaintiff's motion for a directed verdict after concluding the sole cause of the accident was defendant's tailgating in violation of N.J.S.A. 39:4-89). Under the statute, however, speed and distance alone are not determinative.

The statutory standard incorporates the traditional reasonably prudent person test, which is a factual question for the jury to determine. Thus, the jury here could have found, based on the evidence, that Rosenfeld was not negligent because she was following plaintiff at a reasonable and prudent distance "having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway," thereby accepting defendant's liability defense. N.J.S.A. 39:4-89. But, the jury could have also found that Rosenfeld violated

the statute, which would have meant that Rosenfeld was negligent. The jury would then have been required to determine what amount of responsibility, if any, Rosenfeld bore for the accident as compared to the other defendants. For that reason, the trial court's charge here was improper and harmful, "clearly capable of producing an unjust result." See R. 2:10-2.

Because we are constrained to remand this matter for a new trial, we need not address plaintiff's remaining contentions.

The judgment is vacated and the matter is remanded for a new trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION