**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1002-17T4

MING ZHANG,

     Plaintiff-Appellant,

v.

CHRISTOPHER BORK,

     Defendant-Respondent.

_____

> Submitted September 10, 2019-Decided November 22, 2019
>
> Before Judges Messano and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. DC-000274-17.
>
> B. David Jarashow, attorney for appellant.
>
> Law Office of Patricia A. Palma, attorney for respondent (Amanda M. Rochow, on the brief).

PER CURIAM

     Plaintiff Ming Zhang appeals from a no-cause verdict entered after a bench trial where plaintiff appeared pro se. Plaintiff's civil complaint sought

compensation for property damage to his vehicle sustained from a rear-end collision. The trial judge, sitting as the trier of fact, found that plaintiff caused the accident when he abruptly changed into the lane that defendant was travelling in and stopped short, causing defendant's vehicle to clip plaintiff's left rear bumper. We affirm the trial verdict and dismissal of the plaintiff's complaint essentially for the reasons explained in the trial judge's ruling denying plaintiff's motion for reconsideration.

Plaintiff contends on appeal that:

POINT I

THE COURT RULED THAT THE TRIAL WOULD BE ADJOURNED UNTIL SEPTEMBER 12, 2017 IN ORDER TO PROVIDE PLAINTIFF WITH ADDITIONAL TIME TO ESTABLISH HIS PROOFS, BUT THEN PROCEEDED TO CONDUCT A FULL TRIAL AND RENDER A DECISION.

POINT II

A PRO SE LITIGANT, WITHOUT THE WHEREWITHAL TO UNDERSTAND THE REQUIREMENTS OF THE RULES GOVERNING CIVIL PRACTICE, MAY BE RELIEVED OF THE CONSEQUENCES OF THAT FAILURE.

POINT III

PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO DEFENDANT'S LIABILITY.

POINT IV

BASED ON THE TRIAL COURT'S COMMENTS
ABOUT PLAINTIFF'S "TINY" CHINESE ACCENT
AND HIS "JOKE" ABOUT PLAINTIFF BEING
FROM JERSEY CITY, A REASONABLE, FULLY
INFORMED PERSON WOULD HAVE DOUBTS
ABOUT THE JUDGE'S IMPARTIALITY.

After reviewing the record, plaintiff's contentions on appeal do not warrant extensive discussion in a written opinion. See R. 2:11-3(e)(1)(E). With respect to plaintiff's claim regarding the adjournment of the trial, the trial court did not actually adjourn the matter. Rather, the trial judge decided to take testimony from both parties that day on the question of liability while permitting plaintiff the opportunity to present evidence concerning damages at a future trial date. The need to continue the trial to a second day evaporated, however, when plaintiff accepted the defense expert's testimony concerning the nature and extent of the damage to plaintiff's vehicle. Because there was no dispute as to the amount of damage to the vehicle, there was no reason not to complete the trial on July 24, 2017. In sum, we are satisfied that plaintiff was not denied an opportunity to fully present his case at the bench trial.

Likewise, plaintiff's contention that he was denied an opportunity to subpoena the police officer who wrote an accident report is clearly without

merit. As it turned out, defense counsel consented to the admissibility of the report, making it unnecessary to call the officer as a live witness.

Plaintiff asserts that he is entitled to a new trial because he lacked the wherewithal to understand the rules of civil litigation. That contention is clearly without merit. Plaintiff elected to proceed pro se. Such litigants are presumed to know the law. Cf. Tuckey v. Harleysville Ins. Co., 236 N.J. Super. 221, 224 (App Div. 1989) (finding pro se plaintiffs who contended that they should not be bound by rules of procedure "are, of course, wrong in their belief that procedural rules and substantive law are only for attorneys or litigants represented by attorneys"). Having voluntarily chosen to represent himself at the civil trial, defendant is hard pressed on appeal to complain that an attorney might have presented his case more effectively.

Plaintiff also is mistaken in his assertion that he is entitled as a matter of law to judgment on the question of liability because his vehicle was struck from behind. Plaintiff's reliance on Pagano v. McClammy, 159 N.J. Super. 581 (App. Div. 1978) and Dolson v. Anastasia, 55 N.J. 2 (1969) is misplaced. Those cases do not establish an absolute rule of law that striking the rear end of a vehicle automatically and invariably constitutes negligence without considering how and when a plaintiff's vehicle got in front of a defendant's vehicle.

A-1002-17T4

In this instance, the trial judge found credible the testimony of the defendant that plaintiff abruptly changed into the lane that defendant was travelling in and then stopped short. There is no basis for us to disturb the trial court's witness credibility assessment as to how the events leading up to the accident unfolded. See State v. Johnson, 42 N.J. 146, 161 (1964) (holding appellate courts "should give deference to those findings of the trial judge which are substantially influenced by [the] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy"). In view of the trial judge's factual findings as to the circumstances leading up to the collision, he could reasonably conclude in applying the relevant principles of law that the plaintiff caused the accident and that defendant was not negligent.

Finally, we are satisfied after reviewing the record that the trial judge was not biased against plaintiff as plaintiff now contends. At one point in the trial, the judge referred to plaintiff's "tiny" accent and quipped that plaintiff was not from Jersey City. When plaintiff responded that he was from China, the judge immediately replied, "I'm kidding, Mr. Zhang."

In his ruling on the motion for reconsideration, the trial judge explained that plaintiff had become excited and the judge was merely trying to calm plaintiff down by making a joke. We caution that judges must always be

5

circumspect before attempting to inject humor into court proceedings. Litigants and lawyers under the stress inherent in a trial can easily misperceive and misconstrue a judge's well-intentioned levity. Even when the litigants recognize that the judge means only to be humorous, they may be reluctant to do anything other than smile politely, even when offended.

In this instance, we accept the judge's explanation that he was trying only to relieve tension in the courtroom. We caution that as a general proposition, a litigant's foreign accent is not an appropriate subject of any attempt at judicial levity. In the particular circumstances of this case, we are satisfied that the trial judge's brief, isolated remark does not reasonably suggest that the judge was biased against plaintiff or otherwise deprived plaintiff of a fair trial.

To the extent that we have not already addressed them, any other arguments raised by plaintiff do not warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1002-17T4