**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3102-24

ANDREW ADDINO,

     Plaintiff-Appellant,

v.

JOSEPH FORBES JR. and
CHRISTOPHER SOLDANO,

     Defendants-Respondents.

_____

        Submitted April 22, 2026 – Decided May 19, 2026

        Before Judges Berdote Byrne and Jablonski.

        On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0664-22.

        Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

        Dyer & Peterson, PC, attorneys for respondent Joseph Forbes, Jr. (Glenn T. Dyer, on the brief).

        Marshall Dennehey, PC, attorneys for respondent Christopher Soldano (Walter F. Kawalec, III, on the brief).

PER CURIAM

In this negligence case involving a three-car collision, a jury found plaintiff Andrew sixty percent at fault, and defendants Joseph Forbes Jr. and Christopher Soldano were each found twenty percent at fault. Plaintiff appeals, arguing the court should have granted him judgment as a matter of law because defendants' negligence was the sole cause of the accident. He also argues the court erroneously instructed the jury on his possible violation of N.J.S.A. 39:4-97.1, which prohibits drivers from slowing down to impede the flow of traffic. Finally, he argues the court erred in excluding certain portions of his medical expert's testimony.

After careful review, we affirm. There was ample evidence for the jury to conclude plaintiff was comparatively negligent by suddenly and unexpectedly decelerating. In addition, plaintiff did not move before the trial court for judgment pursuant to Rule 4:40-1 or for judgment notwithstanding the verdict, Rule 4:40-2(b). Moreover, it was not error to instruct the jury on plaintiff's possible violation of N.J.S.A. 39:4-97.1, given the evidence in the record revealing plaintiff suddenly stopped his car while attempting to make an illegal left turn. Because we affirm on those grounds, we don't reach the issue regarding the exclusion of his medical expert's testimony, which is moot.

A-3102-24

## I.

On June 16, 2022, plaintiff filed an auto negligence complaint against Forbes and Soldano. Both Forbes and Soldano answered and asserted the affirmative defense of comparative negligence. On co-defendant Forbes' motion, the trial court barred plaintiff's medical expert, Dr. Pavel Tishuk, M.D. from testifying that plaintiff suffered accident-related hearing loss or faced an increased risk of Parkinson's disease or seizure disorders because of the collision. Dr. Tishuk was also barred from testifying about the contents of another doctor's neuropsychological evaluation.

The case was tried over three days in May 2025. The jury concluded all three parties were negligent. It apportioned the negligence as follows: plaintiff (60%), Forbes (20%), and Soldano (20%). It also found plaintiff did not sustain any permanent injury. On May 21, 2025, the trial court entered judgment in favor of defendants.

## II.

The record reveals on March 23, 2022, shortly after 1:00 p.m., plaintiff drove back to his office after his lunch break. The weather was clear that day, and the roads were dry. Plaintiff was driving on the northbound side of Route 202, which had three lanes. The speed limit was 55 mph. Plaintiff's office, on

A-3102-24

the southbound side of Route 202, was on Ortho Drive, which intersected with Route 202. The intersection contained a traffic light. It was illegal to make a left turn onto Ortho Drive. Instead, drivers had to proceed through the intersection and, from the right lane of Route 202, take a jughandle, which would redirect them onto Ortho Drive.

As plaintiff approached the intersection, he was driving in the left lane of the northbound side of Route 202. On his daily commute, plaintiff travelled to his office from the southbound side. He testified he had not previously attempted to access Ortho Drive from the northbound side before this day. The traffic light was green as plaintiff approached and went through the intersection. Plaintiff testified:

> So I gradually slowed down with my turn signal on because I wasn't sure where or how I needed to make the turn to enter back into the office. It was confusing because the sign listed as Ortho Drive is before the intersection and that one only goes to the right. I needed to be to the left.
>
> The jug handle is after the intersection and it's listed as Jansen Drive. On no map does Jansen Drive exist. I needed to be on Ortho Drive. So I was confused.
>
> When I realized I could not make a left turn, when I finally saw the no turn sign, I shut off my turn signal and continued to proceed forward past the

intersection and that's when I was hit by vehicle one and subsequently vehicle two.

According to plaintiff, before attempting to make the turn, he "gradually" reduced his speed from "45 to 50" miles per hour to 20 miles per hour. After the first collision he remained in his lane and was struck again by a second vehicle.[1]

Forbes was also travelling in the left lane, and he testified that plaintiff slowed down suddenly:

> Q Are you able to tell us how fast you were going, approximately, just prior to this accident happening?
>
> A I was going 55, keeping up with the flow of traffic.
>
> Q All right. So you're on Route 202, you're approaching the intersection with Ortho Drive and what does the vehicle in front of you do?
>
> A The vehicle in front of me takes a quick sudden stop, slowing down to about five to ten miles per hour trying to make a left turn.
>
> Q So --
>
> A So at that time, I quickly tried to make an adjustment. So I tried to veer out the way and I go to the right. Also, as I'm veering to the right, I'm trying to look in my rearview mirror to make sure that I'm not hitting one -- going into someone or -- or an incoming car on the right

---

[1] Plaintiff plead guilty to "obstructing the flow of traffic", N.J.S.A. 39:4-67 in municipal court and was granted a civil reservation under R. 7:6-2(a)(1) preventing a guilty plea to a traffic offense from being used as evidence of liability in a future civil lawsuit.

side. As I'm trying to avoid Mr. Addino, I happen to clip him on the right-passenger side. And I then come to a complete stop on the right side by the jug handle.

Forbes also testified he was travelling "two or three" car lengths behind plaintiff before plaintiff suddenly slowed down.

Soldano, the second driver who hit plaintiff, testified he was driving three car lengths behind Forbes at 50 miles per hour. He described his account of the accident:

> I was just coming off the light at the intersection where the Wegmans is, at that . . . specific shopping center. I had gotten up to about 50 miles per hour, roughly about three car lengths behind the green Hyundai [Forbes].
>
> When we come to the intersection right by Johnson & Johnson, where it's 202 and Ortho Drive, at that particular intersection, I was behind the Hyundai and I [saw] the Hyundai impact something in front of it. I saw a large debris field in front of the vehicle arch up and out and I saw . . . the Hyundai's rear tires come off the ground.
>
> At that particular point, I had slammed on my brakes. The green Hyundai had slid all the way to the right lane. I had to make a decision on where I was going to go and because of the traffic pole and the very small median on the left and oncoming traffic and there was traffic to my right, my only course of direction was to slow down as much as I could before coming into the intersection and possibly trying to avoid the vehicle that was in front of the green Hyundai, which was [plaintiff's vehicle].

6

Soldano did not see the collision between plaintiff and Forbes, but he testified he heard the impact of their collision, not "the screeching of brakes or horns."

III.

In reviewing a request for judgment pursuant to Rule 4:40-1, we apply the same standard as the trial court, which also applies to motions for judgment notwithstanding the verdict pursuant to Rule 4:40-2. See Holm v. Purdy, 252 N.J. 384, 400 (2022) "[I]f, accepting as true all the evidence which supports the position of the party defending against the motion and affording him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the [request] must be denied." Ibid. (quoting Smith v. Millville Rescue Squad, 225 N.J. 373, 397 (2016)).

Our Supreme Court has held "[t]he fundamental elements of a negligence claim are [(1)] a duty of care owed by the defendant to the plaintiff, [(2)] a breach of that duty by the defendant, [(3)] injury to the plaintiff proximately caused by the breach, and [(4)] damages." Coleman v. Martinez, 247 N.J. 319, 337 (2021) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). The plaintiff bears the burden to establish each element. Ibid.

N.J.S.A. 39:4-89 provides: "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard

to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." Dolson v. Anastasia, 55 N.J. 2, 10-11 (1969), held that N.J.S.A. 39:4-89 incorporates the common law standard of reasonableness. Thus, a violation of N.J.S.A. 39:4-89 is negligence. Ibid.; Paiva v. Pfeiffer, 229 N.J. Super. 276, 280 (App. Div. 1988) ("[W]here a motor vehicle statute codifies the common law standard, the violation of the statute is not evidence of negligence, it is negligence.").

Plaintiff argues it was plain error for the trial court to allow the jury to consider the issue of plaintiff's comparative negligence, and the court should have found defendants solely liable as a matter of law because they were tailgating or following too closely behind the cars in front of them. However, Dolson does not automatically assign all, or even the majority of liability, to a tailgating driver(s) in cases where the rear-ended driver has also committed negligence. See 55 N.J. at 11. N.J.S.A. 39:4-89 requires a jury to determine what is "reasonable and prudent" under the circumstances. Here, it was entirely within the jury's discretion to find it was neither reasonable nor prudent for Forbes or Soldano to anticipate a vehicle in front of them would attempt suddenly to make an illegal left turn from a lane clearly marked as preventing such turns.

8

Plaintiff's reliance upon Pagano v. McClammy, 159 N.J. Super. 581, 585 (App. Div. 1978) (per curiam), for the proposition that tailgating another car in violation of N.J.S.A. 39:4-89 is negligence as a matter of law does not end the inquiry. Here, both defendants were indeed found negligent, but not as negligent as plaintiff. Pagano is inapposite because the defendant "was travelling at least 40 miles an hour and distant only 15 or 20 feet behind plaintiff" and testified he rear-ended the plaintiff after "something blew in his eye" Ibid. The court disregarded the defendant's explanation and held he was negligent as a matter of law. Ibid. ("By his own testimony he was travelling at least 40 miles an hour and distance only 15 or 20 feet behind plaintiff when he decided to pass him. No reasonable [person] can say, having due regard to the speed of the respective vehicles on this superhighway, that defendant had proper control of [the] car. The short of it is that he 'tailgated' plaintiff's car in violation of N.J.S.A. 39:4-89. Such driving is negligence, and the issue should not have been submitted to the jury.").

Similarly, in Dolson, where the plaintiff was rear-ended after stopping to make a legal left turn, there was no evidence the plaintiff "came to a sudden stop so that [the defendant] could not apply his brakes in time to avoid a collision." 55 N.J. at 10. Thus, the Court concluded "there was no sufficient evidence of

9

contributory negligence on the part of [plaintiff] which proximately contributed to the collision." Id. at 11.

In contrast, there was ample evidence in this case for a reasonable jury to conclude plaintiff had been comparatively negligent. Fernandes v. DAR Dev. Corp., 222 N.J. 390, 408 (2015) ("A jury may consider a plaintiff's negligence only when the evidence adduced at trial suggests that the plaintiff was somehow negligent and that negligence contributed to the plaintiff's damages."). Plaintiff testified he stopped to make a left-hand turn at an intersection where left-hand turns were prohibited. He claimed he slowed down "gradually" from 50 miles per hour to 20 miles per hour. But Forbes contradicted that account, stating plaintiff made "a quick sudden stop," slowing down suddenly to 5 to 10 miles per hour. Which version of events was more credible was properly left to the jury. It is not the role of the court to assess credibility in deciding a Rule 4:40-1 or 4:40-2 motion. See Rena, Inc. v. Brien, 310 N.J. Super. 304, 311 (App. Div. 1998). We conclude that reasonable minds could differ here. Holm, 252 N.J. at 400 (quoting Smith v. Millville Rescue Squad, 225 N.J. 373, 397 (2016)).

Plaintiff also argues the jury should not have been instructed on his possible violation of N.J.S.A. 39:4-97.1, which states: "No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and

A-3102-24

reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."

The trial court incorporated N.J.S.A. 39:4-97.1 into Model Civil Jury Charge 5.30D, which states that a violation of one of New Jersey's motor vehicle laws is evidence of negligence. See Model Jury Charges (Civil), 5.30D(1), "Evidence of Negligence" (Approved June 1971). It instructed the jury:

> The statute in question has set up a standard of conduct for the users of our streets and highways. If you find that the [plaintiff] has violated that standard of conduct, such violation is evidence to be considered by you in determining whether negligence, as I have defined that term to you, has been established.

The trial court did not err in instructing the jury on N.J.S.A. 39:4-97.1. See Ewing v. Burke, 316 N.J. Super. 287, 294 (App. Div. 1998) ("Ordinarily, therefore, if there is evidence tending to establish that a vehicle was operated in violation of a motor vehicle statute, the statutory duty should be charged to the jury in order to assist the jury in arriving at the appropriate result.").

The record demonstrates plaintiff stopped suddenly while attempting to make an illegal left turn, from which a jury could conclude plaintiff violated N.J.S.A. 39:4-97.1. The trial court properly incorporated that statute into the model charge.

11

Because we affirm the jury's findings of comparative fault, we do not reach plaintiff's argument regarding the exclusion of certain portions of Dr. Tishuk's expert testimony. The expert testimony was relevant only to the issue of damages, but the jury had no occasion to evaluate damages because it found plaintiff sixty percent responsible for the accident.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3102-24